**Zebedee GARRETT, Defendant-Movant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

**No. 37627.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 31, 1977.

Motion for Rehearing and/or Transfer Denied July 21, 1977.

Application to Transfer Denied Sept. 12, 1977.

Mary Louise Moran, Robert C. Babione, Neal P. Murphy, St. Louis, for defendant-movant.

John D. Ashcroft, Atty. Gen., Preston Dean, Jefferson City, George A. Peach, William M. Frain, Jr., St. Louis, for plaintiff-respondent.

STEWART, Judge.

This is the second appeal of Zebedee Garrett with respect to his motion under Supreme Court Rule 27.26. Movant's conviction for forcible rape resulting in a sentence of 20 years in prison was affirmed on appeal in *State v. Garrett*, 494 S.W.2d 336 (Mo.1973). Pursuant to his motion for relief under Rule 27.26 an evidentiary hearing was held to consider whether movant had been denied effective assistance of counsel at trial. The trial court denied relief on those issues raised in the written motion. This court reversed the judgment and remanded to the trial court for further findings and conclusions concerning the issue of whether counsel's failure to request a psychiatric examination of his client constituted ineffective assistance of counsel. *Garrett v. State*, 528 S.W.2d 174 (Mo.App.1975). This issue had not been raised in the written motion but had been tried by consent of the parties. This court found that the issue had been fully presented by the parties and that it was not necessary to hold an additional evidentiary hearing. The cause was remanded to permit movant to formally amend his motion and for the trial court to issue findings of fact and conclusions on this issue.

On remand the trial court, on the evidence previously produced found that movant's counsel, based on his observations and his conferences with movant and his par-

ents, had reached the conclusion that his client was competent; that this conclusion was reasonable, and that the failure to file the motion for psychiatric examination did not constitute ineffective assistance of counsel. Our review on appeal is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous, that is whether we are left with a definite and firm conviction that a mistake has been made. *Lahmann v. State,* 509 S.W.2d 791 (Mo.App.1974); Rule 27.-26(j).

Movant was charged with three sexual offenses, including the one which resulted in the present conviction. He was represented by the same attorney in all three cases. At the outset of his representation the attorney considered moving for a psychiatric examination, and discussed the matter with movant and his parents. During the course of this conference, movant admitted the rape with which he was charged in one of the other pending actions, and his parents said their son had previously assaulted a young school girl in their home, for which he was arrested but never prosecuted. When the lawyer suggested, "In that case, this boy ought to have some type of test . . . maybe he doesn't know exactly what he is doing." Both the parents and movant himself rejected the idea.

Movant was interviewed by his attorney more than a dozen times. In response to questions by the court, counsel stated that he had discussed his client's case "point by point" with him and that Mr. Garrett by "his actions showed that he was fully capable of assisting in his own defense." After movant's rape conviction in one of the earlier actions in which counsel also represented him, there was a pre-sentence conference at which movant, his father, the trial judge, another judge, and the prosecuting attorney were also present. During that conference the possibility of a psychiatric examination was also discussed in connection with the criminal sexual psychopath provisions of § 202.700 et seq., RSMo.1969. Movant participated fully in that conference, "joining in the discussion along with the group and

answering all the necessary questions and also asking questions on his own and explaining them away." Counsel also stated that movant "discussed the matter freely about the test, and what he had done, and that he knew each time what he was doing. . . . ." Again the possibility of a psychiatric examination was ruled out. Movant himself objected to any such examination during the course of this meeting.

Apart from the consideration given by counsel to request a psychiatric examination as well as the nature of the crimes involved, no other evidence of possible mental incompetency was adduced at the hearing or from the trial record.

Movant's mother denied having spoken to counsel about a psychiatric examination and his father denied rejecting the possibility of such an examination. When asked about any abnormalities he may have noticed in his son, movant's father testified only that "his mother talked to him so long, and that was something strange." However, he indicated that his son had been "a good boy all the way up."

■ The burden of proof is on the petitioner to clearly demonstrate that the acts of counsel "were of such character as to result in a substantial deprivation of movant's right to a fair trial." *Myrick v. State,* 507 S.W.2d 42, 44[2] (Mo.App.1974). We hold that movant has failed to meet that burden and that the findings and conclusions of the trial court are not clearly erroneous.

Movant argues that the evidence shows that counsel for the defense came to an "honest belief" that his client was in need of a psychiatric examination and failed to request one. Citing us to the case of *Miller v. State,* 498 S.W.2d 79 (Mo.App.1973), he contends that this failure amounts to ineffective assistance of counsel:

"If in the course of the prosecution defendant's counsel comes to the honest belief that his client lacks present capacity for rational understanding and cooperation, the integrity of the adversary process and his duty of advocacy require

counsel to use the procedures the law allows for an adjudication of that issue." *Miller,* 498 S.W.2d at 86[14].

The case at bar and the *Miller* case are clearly distinguishable on their facts. At the 27.26 hearing in *Miller,* counsel for the defendant testified that he had had and continued to have "serious doubts" as to competency both at the time of the crime and at the time of the trial. *Miller v. State,* 498 S.W.2d 79, 85[13] (Mo.App.1973). His testimony was unequivocal. Furthermore the judge who sentenced the defendant following a guilty plea also expressed doubts concerning defendant's sanity.

The case before us reflects no such "serious doubts." Rather, the record supports the notion that the possibility of a psychiatric examination was a briefly considered idea rather than an "honest belief" which had been maintained by counsel. "We must give due regard to the trial judge's opportunity to hear witnesses and defer to his determination of credibility unless it clearly and convincingly appears that [he] has abused [his] discretion." *Lahmann v. State,* 509 S.W.2d 791, 794[5] (Mo.App.1974). The evidence, as a whole, supports the trial court's finding that counsel, as a result of both personal observation and conferences with the defendant and others, had come to the reasonable conclusion that his client was competent.

■ While the State would argue that the standard for judging effective assistance of counsel should not be based on the subjective grounds of "honest belief" but rather on the more objective grounds of whether there is evidence from which one could reasonably infer possible incompetency, see, e. g., *Chapman v. State,* 506 S.W.2d 393 (Mo.1974), we need not decide this issue since movant has failed to meet his burden on either basis. Mental disease or a defect excluding fitness to proceed is not proved by repeated episodes of sexual perversion or criminal conduct. *Miller v. State,* 498 S.W.2d 79, 85[11] (Mo.App.1973). If that were the case the logical conclusion that no sane person would commit such acts would require psychiatric examinations in every

case and could prevent convictions of any such defendants. *Parks v. State,* 518 S.W.2d 181 (Mo.App.1974). As stated before, no other evidence from which possible incompetency could be inferred was introduced. The trial judge himself had ample opportunity to view the defendant both at the hearing and at the trial as well as to judge the credibility of his attorney's assertions that his client was competent.

■ Our findings here apply equally to both movant's contentions that his counsel should have moved for a psychiatric examination to determine competency to stand trial under § 552.020 RSMo. Supp.1975, and to determine the applicability of the criminal sexual psychopath statute under § 202.-700 et seq., RSMo.1969. While competency and a finding of sexual psychopathy are not the same, movant is not entitled to a finding of ineffective assistance of counsel on either basis. As to a determination of competency, "the suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial." *Miller v. State,* 498 S.W.2d 79, 85[9] (Mo.App.1973). Rather, an accused is competent to stand trial if at the time he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Brown v. State,* 485 S.W.2d 424, 429[5] (Mo.1972). Both counsel's testimony and the objective actions of movant support a finding of competence.

■ As to a determination of the applicability of the sexual psychopath statute to movant, we cannot agree that failure to request an examination denied to movant a legitimate line of defense. Aside from our findings that movant failed to produce evidence to support a serious doubt as to his competency, the criminal sexual psychopath statute does not provide a defense in any criminal action. § 202.750, RSMo.1969. The act gives the trial court discretion upon a finding of criminal sexual psychopathy to commit a defendant for detention and

treatment or to order him tried "as the interests of substantial justice may require." § 202.730 RSMo.1969. The initiation of proceedings under the act rests in the discretion of the prosecution. *State ex rel. Kirks v. Allen,* 255 S.W.2d 144 (Mo.App. 1953).

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and SMITH, J., concur.