STATE of Missouri, Respondent,

v.

Jerry FUHR, Appellant.

No. 62714.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1982.

Respondent's Motion for Rehearing or in
the Alternative for Transfer to Court
en banc Denied Feb. 9, 1982.

Joseph Colantuono, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Rosalyn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

EDWARD D. HODGE, Special Judge.

Appellant, Jerry Lee Fuhr, was found guilty by a jury of the capital murder of Maxine Gordon and sentenced to life imprisonment without eligibility for probation or parole for fifty years.

A detailed recitation of the facts surrounding the tragic death of Maxine Gordon would not aid in the resolution of the primary problem presented, *i.e.* failure to instruct the jury as mandated by MAI–CR2d in the 15.00 series applicable to homicides committed after May 25, 1977.

The trial court instructed on capital murder, murder in the second degree, and manslaughter. The failure of the trial court to instruct on first degree murder was preserved by appellant in his Motion for New Trial and in his brief filed with this Court.

Note 3(d), under MAI–CR2d 15.00, provides:

if capital murder is the highest homicide submitted ... the court must also give the following instructions: ... MAI–CR 15.04–15.12 on any murder in the first degree...

We believe a jury could reasonably have found from the evidence that on February 6, 1980, while engaged in the commission of a robbery, appellant stabbed and killed Maxine Gordon.

The failure to instruct on first degree murder in the commission of robbery requires reversal of the judgment of conviction. *State v. Wilkerson*, 616 S.W.2d 829 (Mo. banc 1981); *State v. Gardner*, 618 S.W.2d 40 (Mo.1981).

Other points presented by appellant may or may not arise on retrial and need not be considered at this time.

The judgment is reversed and remanded for further proceedings.

WELLIVER, P. J., HIGGINS and SEILER, JJ., and REINHARD, Special Judge, concur.