**Rodinald Lee REMINGTON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13644.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 28, 1984.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Dec. 18, 1984.

Application to Transfer Denied Jan. 15, 1985.

M. Elise Branyan, Asst. Public Defender, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant pled guilty to sodomy by having deviate sexual intercourse with another person less than fourteen years old. § 566.060, RSMo 1978 (since amended). He was sentenced to 10 years' imprisonment. Under Rule 27.26 he seeks to vacate the judgment and sentence. Following a hearing the trial judge denied the relief sought and movant appeals.

Movant contends in his first point that the trial court erred by finding that movant made his plea of guilty knowingly, intelligently and voluntarily. Movant asserts that he did not because (1) he lacked necessary and material information regarding the Criminal Sexual Psychopath Act, § 202.700–770, RSMo 1978; * (2) he believed that his confession would be introduced against him at trial; and (3) he was suffering from a mental defect at the time he entered the plea.

■ The record supports the trial court's findings. Movant's former attorney testified that he had advised him regarding the criminal sexual psychopath law. There was evidence indicating that the confession would have been admissible and movant's former attorney testified he discussed the confession with movant. He said that they discussed the confession and movant did not tell him of any of the assertions that

---

* Since repealed, see Laws of Mo.1980, pp. 503, 508 § 1; § 632.475, RSMo Supp.1983. All statutory references hereafter are to RSMo 1978.

movant now says invalidates the confession.

Although there was evidence that movant attempted to commit suicide and was in need of psychiatric treatment, there was no showing that he suffered from any mental disease or defect which would prevent him from being able to enter a voluntary plea of guilty. This point is denied.

■ In his second point movant contends that his counsel was ineffective in not advising him of the criminal sexual psychopath law; in not petitioning the court or the Newton County Prosecuting Attorney for treatment under that act; in not investigating the case and interviewing witnesses; and in not moving to suppress his confession.

As previously noted, there was evidence that movant had been advised of the criminal sexual psychopath law and that in discussion with his attorney movant had not presented any basis for invalidating the confession. Movant's attorney said he urged the prosecuting attorney to proceed under the criminal sexual psychopath law and the prosecutor refused.

There was no showing that counsel was ineffective in his manner of investigation nor that any further investigation would have been helpful. To show ineffective assistance of counsel in failing to interview witnesses or otherwise investigate, it must be shown that such reasonable efforts would have aided movant's position. *Fields v. State*, 596 S.W.2d 776, 778 (Mo.App.1980). No evidence indicated this. The second point is denied.

■ In his remaining point movant contends that the trial court erred when it failed to make findings of fact and conclusions of law regarding movant's claim that the prosecutor of Newton County abused his discretion by not filing a petition under the criminal sexual psychopath law.

The trial court found that the refusal of the prosecuting attorney to proceed under the criminal sexual psychopath law was within his discretion. The cases state that such proceedings were within the prosecu-

tor's discretion. *Davis v. State*, 482 S.W.2d 468, 471 (Mo.1972); *Lyle v. State*, 617 S.W.2d 403, 405 (Mo.App.1981). However, that discretion must be exercised in good faith and not arbitrarily. *State ex rel. Kirks v. Allen*, 255 S.W.2d 144, 148 (Mo.App.1953).

Although we agree that for someone with movant's problems treatment is often preferable to imprisonment, on the record we cannot say that the prosecutor abused his discretion under the Act. Movant did not show and does not contend that the prosecutor had reason to believe he was "considered dangerous to others". See § 202.700.

Moreover, even had the prosecutor proceeded under that act, its use is not a defense to a criminal action, § 202.750, and this charge might have proceeded. See § 202.730; *Garrett v. State*, 554 S.W.2d 462, 465–466 (Mo.App.1977). Point three is denied.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.