Robert L. KLINE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14356.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1986.

Lenzie L. Leftridge, Jr., Flat River, for movant-appellant.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., for respondent.

PREWITT, Chief Judge.

Movant appeals from the denial, without an evidentiary hearing, of his motion under Rule 27.26, seeking to vacate convictions on two charges of receiving stolen property. Movant pled guilty and was sentenced to five years' imprisonment on each charge with the sentences to run consecutively.

Movant claims that he received ineffective assistance of counsel before entering his guilty pleas because "the stolen property he received was not of sufficient value to constitute a felony." Movant contends that a "proper investigation of the case by his counsel would have made it apparent that appellant was guilty of misdemeanor grade offenses rather than felony grade offenses."

"Receiving stolen property is a class A misdemeanor unless the property involved has a value of one hundred fifty dollars or more, or the person receiving the property is a dealer in goods of the type in question, in which cases receiving stolen property is a class C felony." § 570.080.3, RSMo 1978. Movant contends that the property involved in both counts was of a value under one hundred fifty dollars and he was not a dealer in the type of goods in question.

At the hearing where defendant pled guilty to one of the charges, the record shows that the following occurred:

Q [Judge] Tell me in your own words what you did to which you are entering a plea of guilty.

A I had—there were eight pair of slacks and some shirts and some articles of clothing in my house and I knew they were stolen, in Crawford County.

Q Are you satisfied with the services of your attorney, Mr. Robinson?

A Yes.

Thereafter, the prosecuting attorney stated that upon a trial the state could prove beyond a reasonable doubt that on June 24, 1982, movant had possession of certain stolen items, knowing that they were stolen, including a pair of boots worth more than $200 which movant was wearing on that date. After hearing the prosecu-

tor's statement, movant stated that he wished to continue with his plea of guilty.

Regarding the other charge, the record shows that the following occurred at the hearing where movant pled guilty:

Q [Judge] Tell me in your own words what you did to which you are entering a plea of guilty.

A I sold a German weight driven grandfather clock that was stolen property.

Q Are you satisfied with the services of your attorney?

A Yes.

The prosecutor then stated that the grandfather clock "had a value of well over $150.00". After hearing this statement, movant stated he wished to continue with his plea of guilty.

An evidentiary hearing is required on a 27.26 motion only if the motion alleges facts, not conclusions, which warrant relief and raise matters that are not refuted by the files and records in the case. *Murphy v. State*, 636 S.W.2d 699, 702 (Mo.App. 1982).

■ To be entitled to an evidentiary hearing on the claim that an attorney's investigation is inadequate, the motion must allege the specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved movant's position. *Williams v. State*, 650 S.W.2d 17, 18 (Mo. App.1983). See also *Remington v. State*, 682 S.W.2d 177, 179 (Mo.App.1984).

■ After a guilty plea has been entered, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984). Where a plea of guilty has been entered, after showing errors of counsel, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty". *Hill v. Lockhart*, —— U.S. ——, ——, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 54 U.S.L.W. 4006, 4008 (1985). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpa-

tory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Id.

As set out above, movant admitted that he had sold one of the items and had in his possession certain other stolen items. He should have had more knowledge of the values of the items than did his attorney. Movant did not question the values when stated at the time of his pleas. Movant does not allege that he previously questioned the values of the items or that he asked the attorney to check into the values.

■ As the record establishes that defendant's pleas were voluntary within the meaning of Rule 24.02, the trial court correctly denied an evidentiary hearing on the question of voluntariness. See *Thomas v. State,* 605 S.W.2d 792, 795 (Mo. banc 1980). The allegations of movant's motion are basically conclusions which are refuted by court records. We find no merit to his contentions.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.