**Charles CARAKER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 14399.

Missouri Court of Appeals,
Southern District,
Division Two.

May 16, 1986.

Motion for Rehearing or Transfer to
Supreme Court Denied
June 9, 1986.

Application to Transfer Denied
July 15, 1986.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Paul La-Rose, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant appeals from the denial, following an evidentiary hearing, of his motion under Rule 27.26. By the motion he sought to vacate convictions of escape from confinement and second-degree burglary, and two convictions each of forgery and stealing. Movant had pled guilty to each charge.

In the trial court, movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.-26(f). Our review is limited to determining whether the trial court's findings of fact, conclusions of law, and judgment are clearly erroneous. Rule 27.26(j).

Movant's point on appeal states that he "involuntarily" pled "guilty in that appellant's counsel failed to explain the terms of the plea bargain, failed to explain that appellant's mental history might have been a defense to his charges, failed to explain the defense of necessity to the escape charge, failed to fully investigate appellant's case, and, because appellant was misled by counsel, appellant pled guilty and was thereby prejudiced."

■ After a guilty plea has been entered, effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Kline v. State*, 704 S.W.2d 721, 722 (Mo.App.1986). Movant must show that there is a reasonable probability that but for his attorney's failures, he would not have pled guilty. Id.

■ Movant's contentions regarding his attorney's inadequacies were essentially refuted by testimony of the attorney at the evidentiary hearing. Assessing the credibility of the witnesses was for the trial court. *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985). There were instances where the attorney did not specifically recall his discussions with movant. However, even where movant's testimony was uncontradicted, the trial judge did not have to believe it. *James v. State*, 694 S.W.2d 890, 891 (Mo.App.1985).

■ The trial court could find from the evidence that counsel had not been ineffec-tive in advising movant and explaining the factors relevant to the charges against movant, and that movant's pleas of guilty were voluntarily made. The judgment of the trial court was based on findings of fact which were not clearly erroneous, and no error of law appears. A further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

HOGAN, P.J., and MAUS and CROW, JJ., concur.