**Michelle RUMBLE, Plaintiff–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

No. 51881.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 22, 1987.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for plaintiff-appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SATZ, Presiding Judge.

Movant Michelle Rumble appeals the denial of her Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was originally charged with capital murder. At her trial, which ran from July 28, 1982 to August 3, 1982, movant was convicted of felony-murder (first degree murder). § 565.003, RSMo.1978. Movant's conviction was affirmed on direct appeal in *State v. Rumble*, 680 S.W.2d 939 (Mo. banc 1984).

In her 27.26 motion, movant alleges it was error for the trial court to give the felony-murder instruction because felony-murder was not a lesser included offense of capital murder nor was it charged in the indictment.[1] Movant also alleges her trial counsel was ineffective for failing to object to the felony-murder instruction. Movant's argument is without merit.

Generally, instructional error is trial error not cognizable in a Rule 27.26 proceeding. *See, e.g., Mangan v. State*, 665 S.W.2d 85, 86 (Mo.App.1984); *Arnold v. State*, 632 S.W.2d 54, 55 (Mo.App.1982). However, an exception to the general rule exists when such an error rises to the level of constitutional error. *Hanson v. State*, 684 S.W.2d 337, 339 (Mo.App.1984). Movant alleges giving the instruction worked a denial of due process. We will assume, arguendo, movant's point is properly raised, and we address the merits.

In *State v. Baker*, 636 S.W.2d 902, 904 (Mo. banc 1982), our Supreme Court held first degree murder, § 565.003 RSMo. 1978, is not a lesser included offense of capital murder. Therefore, the jury is not instructed on felony-murder in a capital murder case unless felony-murder is separately charged. *State v. Goddard*, 649 S.W.2d 882, 887 (Mo. banc 1983).

However, in *State v. Goddard, supra*, at 889, the Court held its ruling in *Baker* was to be applied prospectively.[2] Movant was

---

1. Movant also argued this instruction was erroneous on her direct appeal, but on different grounds. *State v. Rumble*, 680 S.W.2d 939, 942 (Mo. banc 1984).

2. Movant cites us to cases applying *Baker* retroactively. *See, e.g., State v. Betts*, 646 S.W.2d 94,

96 (Mo.banc 1983). *Goddard* clearly states *Baker* is to be applied prospectively. *Goddard* has been uniformly followed with the exception of *State v. Williams*, 652 S.W.2d 102, 112 (Mo. banc 1983). The court in *Williams* applied *Baker* retroactively in holding no error occurred in failing to instruct on felony-murder. *Williams*,

tried before the *Baker* decision was handed down. The law at the time of movant's trial was that it was error not to instruct on felony-murder in a capital murder case where the evidence supports the submission. *See State v. Daugherty,* 631 S.W.2d 637, 645 (Mo.1982); *State v. Fuhr,* 626 S.W.2d 379 (Mo.1982); *State v. Gardner,* 618 S.W.2d 40, 41 (Mo.1981).[3] Therefore it was not error to give the felony-murder instruction at movant's trial. Because giving the instruction was proper, it necessarily follows movant's counsel was not deficient in any way for failing to object to the instruction.

Movant also contends the denial of her 27.26 motion must be reversed because the trial court did not make findings of fact and conclusions of law on all issues presented in her motion.[4] At the hearing on her motion, movant presented no evidence other than the trial record. The state called movant's trial counsel as a witness. In its findings of fact and conclusions of law, the trial court found movant had abandoned all the allegations save those two discussed above regarding the instructional error. The trial court found these two allegations to be without merit and also stated generally movant had not met her burden as to any of her claims.

 The allegations contained in a 27.-26 motion are not self-proving, and movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Ward v. State,* 451 S.W.2d 79, 81 (Mo.1970); *Thomas v. State,* 665 S.W.2d 621, 623 (Mo.App.1983). Moreover, the failure to make findings of fact on issues not presented at the hearing is not error. *Smith v. State,* 674 S.W.2d 638, 542 (Mo.App.1984); *Johnson v. State,* 615 S.W. 2d 502, 506 (Mo.App.1981). Although mov-

ant made the trial transcript part of the record before the court below, movant presented no testimony nor directed the court's attention to any specific portions of the transcript to support her allegations. Under these circumstances, it was not error for the court not to specifically address each issue in the 27.26 motion. *Id.*

Judgment affirmed.

KELLY and CRIST, JJ., concur.

*supra* at 112. We cannot explain the court's seemingly inconsistent position in *Williams,* but feel constrained to follow *Goddard* where, as here, the felony-murder instruction was given in a case tried before *Baker* was handed down.

3. Apparently, it is not disputed here the evidence at trial supported the submission of the felony-murder instruction. On direct appeal, movant's argument was she should have been allowed to present the defense of duress to felo-

ny-murder because duress would be a defense to the underlying felony of robbery. *State v. Rumble, supra* at 939.

4. We have reviewed all the allegations in the motion. Some are not cognizable in a 27.26 proceeding, one is refuted by the testimony of movant's trial counsel and some, while inartfully pled, are cognizable in a 27.26 proceeding.