Ramon MUNOZ, Appellant/Plaintiff,

v.

STATE of Missouri,
Respondent/Defendant.

No. 52710.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1987.

Application to Transfer Denied
Feb. 17, 1988.

David Hemingway, Asst. Public Defender, St. Louis, for appellant/plaintiff.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent/defendant.

KAROHL, Presiding Judge.

Movant, Ramon Munoz, appeals from a judgment denying his Rule 27.26 motion

following an evidentiary hearing. Movant was convicted by a jury of sodomy, Section 566.060 RSMo 1983 Supp. and sentenced to fifteen years' imprisonment. His conviction and sentence were affirmed in *State v. Munoz*, 678 S.W.2d 834 (Mo.App.1984).

Movant, who speaks no English, raises three points on appeal. He contends he was denied effective assistance of counsel for two reasons. First, the interpreter employed by movant's attorney prior to trial was not capable of accurately interpreting counsel's statements directed toward defendant. For this reason defendant was not informed of his right not to testify. Second, movant's attorney did not request a competency hearing for the court-appointed trial interpreter. Movant's third point claims a procedural failure to make findings of fact and conclusions of law regarding the use of pre-trial interpreter Guzman.

Our review of a Rule 27.26 motion is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). We consider claims of ineffective assistance of counsel in light of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). We address movant's claims in reverse order.

■■■ Movant contends that the hearing court erred when it made no specific findings of fact or conclusions of law regarding the use of Guzman whom movant contends violated the attorney-client privilege by discussing the case with others. Findings must be responsive to the matters raised in the motion for post-conviction relief, but need not be itemized. *Jackson v. State*, 729 S.W.2d 253, 255–256 (Mo.App.1987). What is required is that the findings be sufficient for an appellate court to determine from them whether they are clearly erroneous. *Id.* Moreover, our review is limited to the points specifically raised in the motion and thereafter briefed on appeal. *Dixon v. State*, 604 S.W.2d 782, 783 (Mo.App.1980).

■■ Movant's Rule 27.26 motion alleges that movant neither trusted nor understood interpreter Guzman. The motion court's first finding directly addresses this issue and concludes there is no merit in movant's claim. The claim the court did not consider and make a finding is refuted by this finding. The motion court decided that, based on Guzman's testimony of her conversations with movant, open lines of communication were established. Guzman flatly denied any breach of confidentiality. Nor was there any evidence of prejudice resulting from any act of Guzman. Movant also asserts that Guzman never informed him of his right not to testify. This was not before the motion court. An issue not presented to the hearing court will not be considered by this court sitting in review. See, *Parton v. State*, 545 S.W.2d 338, 341 (Mo.App.1976); *Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App.1983). We find nothing clearly erroneous in the court's findings and conclusion on the use of Guzman as a pretrial interpreter.

Movant's two allegations of ineffective assistance of counsel are rebutted by the record. The Rule 27.26 motion as amended by counsel alleges movant's inability to communicate with counsel through either the pretrial interpreter or the court-appointed trial interpreter. We have already concluded that the record and judgment correctly assessed the efficacy of movant's pretrial interpreter. The secondary allegation on appeal that movant's counsel failed to hold an interpreter competency hearing was neither pleaded in the motion as amended nor addressed at the evidentiary hearing. We decline to review the lack of a competency hearing under the rule of *Dixon*, 604 S.W.2d at 783 and *Parton*, 545 S.W.2d at 341.

■■■ Moreover, the hearing court's findings of fact and conclusions of law denied movant's requested relief for several reasons. First, the court concluded that based on the evidence given by Guzman at the hearing, movant failed to meet his burden of proving ineffective assistance of counsel for using Guzman as a pretrial interpreter. Second, the court found no

evidence of ineffective assistance of counsel for using a qualified court-appointed interpreter during trial. Third, the court found the testimony of movant's trial counsel very persuasive. The attorney testified that he was satisfied movant understood the roles of the parties in court, knew the evidence and understood the trial proceedings. He further testified that movant never gave any sign that he was confused. During trial, movant's attorney repeatedly asked if movant understood and always received an affirmative response. The hearing court concluded that this testimony coupled with the other evidence adduced at the evidentiary hearing established effective assistance of counsel through the interpreter. In measuring evidence in a post-conviction hearing, the court is not bound by movant's testimony and may accept contrary evidence and reject testimony even where uncontradicted. *Van Moore v. State*, 667 S.W.2d 470, 471 (Mo.App.1984). Our review of the record reveals no clearly erroneous finding or conclusion by the hearing court.

Judgment affirmed.

SMITH and KELLY, JJ., concur.