Cedric SAYLES, Appellant,

v.

STATE of Missouri, Respondent.

No. 54497.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Nov. 15, 1988.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant was convicted on July 15, 1977, of first degree (felony) murder, first degree burglary, assault with intent to kill, and first degree robbery as a result of events that occurred on the evening of July 24, 1976. The brutal facts of the crimes can be found in *State v. Sayles*, 579 S.W.2d 748 (Mo.App.1979), in which this court affirmed the movant's conviction on direct appeal.

Movant subsequently filed a Rule 27.26 motion. He alleged that his conviction for felony murder and the underlying felonies subjected him to multiple punishment for the same offense and violated his right to be free from double jeopardy. In addition, he alleged his indictment for murder was fatally defective because it failed to allege all of the essential elements of the crime charged. The motion was denied in part and granted in part. In its Findings of Fact, Conclusions of Law and Order, the motion court held that the language in the indictment would support a conviction for felony murder; therefore, the indictment was not insufficient. As a result, the conviction for first degree (felony) murder was allowed to stand. Movant's conviction for first degree robbery was vacated. The court held that convictions for both murder in the first degree, based on felony murder, and also robbery of the murder victim, the felony underlying the murder conviction, violated the rules against double jeopardy. We affirm.

Appellate review of a motion under Rule 27.26 is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). The court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

In his sole point in this appeal, movant maintains that the court below was clearly erroneous in holding that his indictment for murder was not fatally defective. Movant was charged with capital murder. He contends that because he was convicted of first degree (felony) murder, a charge allegedly not made in the indictment and not a lesser included offense of the crime charged, his conviction was in violation of his right to due process. Movant, however, misconstrues the law as it existed at the time of his conviction.

The history of Missouri's murder statutes is confusing at best. An excellent account of the history of the relevant statutes and the cases interpreting them over the last two decades can be found in *State v. Goddard*, 649 S.W.2d 882, 887–89 (Mo. banc 1983), *cert. denied*, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983); *see also Franklin v. White*, 803 F.2d 416, 418–19 (8th Cir.1986), *cert. denied*, 481 U.S. 1020, 107 S.Ct. 1904, 95 L.Ed.2d 510 (1987).

In *State v. Baker*, 636 S.W.2d 902 (Mo. banc 1982), the court held that first degree murder is not a lesser included offense of capital murder for crimes committed after January 1, 1979. The following year, the court held that the decision in *Baker* should be applied only prospectively. *Goddard*, 649 S.W.2d at 889.

Movant was tried several years before *Baker* was handed down. The applicable law as it existed at the time of the crime was Section 559.009.1, RSMo Cum.Supp. 1975. It read:

> Upon the trial of an indictment or information for capital murder, the jury must inquire, under such instructions as the court finds are justified by the evidence, and by their verdict ascertain, whether the defendant is guilty of capital murder, murder in the first degree, murder in the second degree, or manslaughter.

In 1977, the statute was reenacted as Section 565.006.1, RSMo 1978; however, the jury was still required to consider first degree murder as an alternative in a case in which the defendant was charged with capital murder. Prior to *Baker*, first degree (felony) murder was consistently regarded as a lesser included offense of capital murder. *See, e.g., State v. Gardner*, 618 S.W.2d 40 (Mo.1981); *see also Rumble v. State*, 741 S.W.2d 283 (Mo.App.1987). Furthermore, it had previously been held to be error not to instruct on felony murder in a capital murder case in which the evidence supported a felony murder submission. *See State v. Fuhr*, 626 S.W.2d 379 (Mo. 1982).

There was neither error nor prejudice to the movant as a result of submitting first degree murder to the jury. As the motion court explained:

> The record is devoid of any indication that Sayles was surprised by the submission of felony murder to the jury, or in

252

any way disabled from presenting a defense. In order to convict Sayles of felony murder, the State was required to prove all of the elements of the robbery and further to prove that the victim was killed in the course of the robbery. The record shows that the State proved exactly that. The indictment cannot be deemed insufficient to charge the crime for which Sayles was convicted, nor can it be deemed violative of due process as failing to afford fair notice so as to permit Sayles to present a defense.

We affirm the judgment of the motion court.

CARL R. GAERTNER, J., and SIMEONE, Special Judge, concur.