John **MALADY**, Movant,

v.

**STATE of Missouri, Respondent.**

No. 54043.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

Motion for Transfer to Supreme Court Denied Dec. 7, 1988.

Claude Hanks, Clayton, for movant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, John Malady,[1] appeals from the trial court's denial of his Rule 27.26 motion[2] after an evidentiary hearing. We affirm.

In his first point on appeal, movant asserts that the trial court erred in failing to make findings of fact and conclusions of law on all of the issues presented in his motion. Here, the trial court found that allegations raised in certain paragraphs of movant's motion were abandoned because no evidence was offered or argument presented in support thereof.

Appellate review of a denial of post-conviction relief sought in a motion to vacate or set aside sentence is limited to determining whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App. 1986). The allegations contained in a Rule 27.26 motion are not self-proving and movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Rumble v. State,* 741 S.W.2d 283, 285 (Mo.App.1987). There is no error in a trial court's failure to make findings of fact on issues not presented at the Rule 27.26 hearing. *Id.*

We have reviewed the record before us and find no error in the trial court's finding that certain of movant's allegations were abandoned. Movant failed to offer evidence to prove those claims of ineffective assistance of counsel. His first point is denied.

In his second point, movant contends that "[t]he trial court erred in refusing to consider the merits of [his] claim that he was denied a jury comprising a fair cross section of the community."

At the evidentiary hearing, movant testified that the State used nine of its ten peremptory strikes to remove blacks. Movant was white; defense counsel was black. The jury was composed of all white jurors.

Movant's point on appeal varies from the allegation of error contained in his 27.26 motion. In his motion and at the hearing, the focus of movant's claim was that trial counsel was ineffective for failing to preserve a challenge to the State's use of its peremptory challenges to remove all blacks from the jury panel. On appeal, movant argues the merits of his claim that he was denied a jury which was representative of the entire community. The variance between the allegation of error advanced in

---

1. Movant was convicted of capital murder and sentenced to life imprisonment without eligibility for parole for 50 years. That conviction was affirmed on direct appeal. *State v. Malady,* 669 S.W.2d 52 (Mo.App.1984).

2. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See* Rule 24.035, effective January 1, 1988.

movant's Rule 27.26 motion and the allegation of error advanced in his appeal precludes our review of his claim. *See Guinan v. State,* 726 S.W.2d 754, 756 (Mo.App. 1986), *cert. denied,* — U.S. —, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987). Movant cannot raise a point for the first time on appeal. *See Stokes v. State,* 671 S.W.2d 822, 824 (Mo.App.1984). Movant's second point is denied.

The judgment is affirmed.

REINHARD, and CRIST, JJ., concur.