William Scott COLLINS,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16552.

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1990.

Motion for Rehearing or Transfer Denied
July 3, 1990.

William J. Swift, Buttonwood, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

William Scott Collins (hereafter referred to as Movant) entered a plea of guilty to first degree murder [1] on October 4, 1984, and was sentenced on that same date to life imprisonment. Thereafter, movant filed a motion under Rule 24.035, V.A.M.R., to vacate and set aside his conviction and sentence. The motion was timely filed. An evidentiary hearing was held. The trial court made findings of fact, conclusions of law, and entered a judgment denying the motion. Movant appeals.

Movant's first point on appeal is that the trial court erred in overruling his post-conviction motion because movant was denied effective assistance of counsel when his counsel failed to request a hearing and a ruling on movant's motion to suppress his confession and statements. Movant claimed that the statements sought to be suppressed were prejudicial to movant, and that had the motion to suppress been heard, it would have been suppressed and movant would then have elected to proceed to trial rather than plead guilty. A subpart of movant's first point claims he was denied due process when the motion court sustained the State's objection to movant's question as to whether or not the sheriff had a search warrant on the date that movant was first questioned by the sheriff.

1. Section 565.003, RSMo 1978 (repealed 10–1–84).

Movant's second point was that the trial court erred when it overruled his claim that his counsel was ineffective for not interviewing Kenneth Kenley [2] because movant would have proceeded to trial had he known another person had confessed to the crimes with which he was charged.

On all points raised, movant has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.-035(h). This burden, with respect to an allegation of ineffective assistance of counsel, has been characterized as being "heavy" to bear. *Driscoll v. State*, 767 S.W.2d 5, 7 (Mo. banc), cert. denied, —— U.S. ——, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989); *Stevens v. State*, 560 S.W.2d 599, 600 (Mo.App.1978); *Pickens v. State*, 549 S.W.2d 910, 912 (Mo.App.1977); *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo.App. 1974). Appellate review of the trial court's determination is limited to deciding whether the findings and conclusions of the trial court were clearly erroneous. Rule 24.-035(j); *Fisk v. State*, 773 S.W.2d 902, 903 (Mo.App.1989). The findings and conclusions of the trial court are deemed clearly erroneous only, if after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc), cert. denied, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). See also *State v. Fraction*, 782 S.W.2d 764, 769 (Mo.App.1989); *Moton v. State*, 772 S.W.2d 689, 691 (Mo.App.1989).

In order for a movant in a post-conviction motion, who pleaded guilty in the underlying criminal case, to establish ineffective assistance of counsel, he must demonstrate that: (1) counsel's performance was unreasonable under prevailing professional norms, and (2) but for his counsel's deficient performance, movant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 209–11 (1985); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State*, 738 S.W.2d 856, 857–58 (Mo. banc 1987).

In the underlying criminal case, movant was arrested at his home just before midnight on January 19, 1984. He was taken to the local sheriff's office. Movant was given his Miranda warnings and interrogated. The interrogation was conducted by two officers and tape recorded. During the course of the interrogation, movant claims to have made incriminating statements to Howell County Sheriff Hubert Holman and West Plains Police Detective Bill Lambe.

A motion to suppress movant's statements was filed on July 5, 1984. He entered his guilty plea on October 4, 1984, without the motion to suppress having been presented to the court for a ruling.

At movant's evidentiary hearing on his Rule 24.035 motion, movant, and the State, requested that the trial court take judicial notice of the underlying criminal file, Phelps County Case No. CR384–23FX. The trial court referred to the underlying criminal file in its Findings of Fact and Conclusions of Law.[3] Most of the underlying criminal file has been included in the legal file furnished this court. Included in the underlying criminal file is the State's disclosure of materials and information furnished movant's counsel in response to the Rule 25.03 discovery request made by mov-

---

**2.** The evidence was that Kenneth Kenley signed a statement on January 4, 1984, claiming he had killed the victim in this case. Kenley was in Clay County, Arkansas, jail at the time he made the statement. On January 5, 1984, Kenley was returned to Butler County, Missouri, on a warrant charging him with capital murder on a homicide in Poplar Bluff, Missouri. When Kenley talked to Butler County authorities, he recanted his statement about the homicide which movant was charged with. Polygraph examination of Kenley was consistent with his recanting his involvement in the Howell County murder.

Kenley told Butler County authorities he had made the statement because he believed he would be put to death for sure for committing two murders, and he wanted to die.

**3.** The trial court's judgment says: "The Court notes from the record, Case Number CR384–23FX, the Defendant's underlying criminal case, that the trial court made adequate inquiry into the Defendant's factual basis for his plea of guilty."

ant's counsel. Examination of the materials and information furnished appellant and his lawyer reveal detailed and lengthy investigative reports by various law enforcement officials and detailed statements from two young women concerning movant's involvement in the crime charged. The reports and statements included the fact that both of the young women had voluntarily revealed the location of the murder weapon to law enforcement officials and described how they had been instructed by movant to hide the gun and the money bag taken during the felony murder. Ballistic tests on the gun had positively matched the gun to the bullet taken from the victim. The young women's statements were that movant, and another young man, had left their apartment, with the subject weapon in hand, with the announced intention of robbing someone. The witness' statements also indicated that, the same night, movant returned to the apartment with a money bag and money, and there was an admission by defendant that he had shot a lady.

Without further detailing the voluminous discovery response found in the underlying criminal file, suffice it to say that the discovery materials were sufficient to indicate to any attorney operating "under prevailing professional norms," that the State had overwhelming relevant and admissible evidence of movant's guilt of first degree murder without utilizing the defendant's statements, which were the subject of the motion to suppress. When movant's plea counsel testified at the 24.035 hearing, no inquiry was made of him about the sufficiency and quality of the State's evidence which remained and which supported the charges against movant's conviction, had movant's statements been suppressed. Eliciting from movant's plea counsel his opinion about the impact of possible suppression of movant's statements on the overall trial strategy might have aided movant in his assertions, but no such evidence is found.

■ At the 24.035 hearing, movant did not testify that he would have chosen to go to trial rather than plead guilty if the motion to suppress had been taken up and sustained. There was no evidence, from any source, to support that assertion. The record is devoid of any evidence of movant's conclusionary statements in his 24.-035 motion that the suppression of the statements would have caused him to go to trial rather than plead guilty. The allegations in a Rule 24.035 motion are not self-proving. *Malady v. State*, 762 S.W.2d 442, 443 (Mo.App.1988); *Rumble v. State*, 741 S.W.2d 283, 285 (Mo.App.1987). There being no evidence to support movant's claim that he would have gone to trial if his statements had been suppressed, there is no need to determine if the motion to suppress would have been successful. This also disposes of the sub-point of Point I. Movant's first point is denied.

■ There was substantial evidence before the motion court to support its finding that movant knew of Kenley's confession and recantation before movant entered his guilty plea. There was no evidence presented to the trial court that additional interviews by plea counsel with Kenley would have disclosed additional information that would have caused such counsel to change his recommendation as to the plea. *Kline v. State*, 704 S.W.2d 721, 723 (Mo. App.1986). Movant offered no evidence to support the claim in the 24.035 motion that he would not have pled guilty if his counsel had interviewed Kenley. Again, Point II was not self-proving. *Malady, supra; Rumble, supra.* There being no evidence before the motion court that movant would have changed his plea if Kenley had been interviewed, we find no merit to the contention that the trial court committed error. *Kline, supra.* Movant's second point is denied.

Movant's brief, as filed in this court, fails to address any other points which were before the trial court, and in such circumstances, those points are deemed abandoned. *State v. Mayo*, 784 S.W.2d 897 (Mo.App.1990). Accordingly, the judgment is affirmed.

HOGAN, C.J., FLANIGAN, P.J., and MAUS, J., concur.