**Thomas J. RUSS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57511.

Missouri Court of Appeals,
Eastern District,
Division One.

July 24, 1990.

Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, after an evidentiary hearing, of his Rule 27.26 (now repealed) motion. We affirm.

Movant was convicted by a jury of murder in the second degree and robbery in the first degree. Movant's conviction was affirmed in *State v. Russ*, 642 S.W.2d 706 (Mo.App.1982). The evidentiary hearing was held on August 4, 1989. At the hearing, the motion court took judicial notice of the original trial file, and a transcript of the original trial was given to the motion judge. Movant was the only witness called at the hearing. The motion court found his testimony not credible. His testimony pertained only to ineffective assistance of trial counsel for failing to adequately investigate movant's alibi defense. As to the other issues set forth in movant's motion, at the end of the evidentiary hearing movant's attorney stated "certain areas ... were not raised [at the hearing] because they could be handled strictly from a reading of the transcript or the court file."

The motion court made specific findings of fact and conclusions of law on the issue of the alibi defense. As to the other issues not presented at the evidentiary hearing but in movant's motion, the court stated, "The Court has reviewed movant's claim against his trial counsel under the rules in *O'Neal v. State*, 766 S.W.2d 91 (Mo. banc 1989) and finds movant has failed in his burden to prove that his trial counsel was ineffective."

Movant asserts error in the Rule 27.26 court's failure to make specific findings of fact and conclusions of law on three issues: (1) his in-court identification; (2) his illegal arrest; and (3) the lack of a cautionary instruction on other crimes. Findings must be responsive to the matters raised in the motion for post-conviction relief but need not be itemized. *Munoz v. State*, 743 S.W.2d 506, 507 [1, 2] (Mo.App.1987). What is required is that the findings be

sufficient for an appellate court to determine whether they are clearly erroneous. *Id.* An issue not presented to the hearing court will not be considered by this court sitting in review. *Id.* at [3].

Movant had the burden of fashioning, presenting and proving the Rule 27.26 issues to the motion court. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). He did so by asking the motion court to take judicial notice of his original file and by presenting testimony on ineffective assistance by his trial counsel in formulating an alibi defense. Movant has not complained of this issue on appeal and it is now abandoned. However, the question remains, did movant fashion, present and prove the three issues complained of on appeal by having the motion court take judicial notice of the original file? We think not.

At the end of the Rule 27.26 hearing, the motion court attempted to define the issues. Movant's attorney stated there were issues not raised because the motion court could handle them by reading the transcript or court file. The motion court asked movant's attorney to point out the issues that required testimony and those that did not. Movant's attorney did not point out the issues. The matter was resolved by the motion court judge taking the transcript with him on his vacation.

Movant cannot now complain about lack of specific findings of fact and conclusions of law on issues not fashioned and presented at the motion court hearing. Having afforded movant an evidentiary hearing, the motion court judge had no duty to search the record to determine the issues and to find the evidence proving such issues. If an issue was to be determined by a reference to the transcript, then movant's attorney had a duty to point out that issue and the specific pages of the transcript or record to prove such an issue. In short, movant's attorney did not fashion, present and prove the issues.

The allegations contained in a Rule 27.26 motion were not self-proving, and movant had the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Rumble v. State,* 741 S.W.2d 283, 285[3–5] (Mo.App.1987). The failure to make specific findings of fact on issues not presented at the hearing was not error. *Id.* Although movant made the trial transcript part of the record, he presented no testimony nor directed the court's attention to any specific portions of the transcript to support his allegations in his motion. Under these circumstances, it was not error for the court not to specifically address each issue in movant's motion. *Id.; Munoz,* 743 S.W.2d at 507[3]. This point is denied.

Movant also asserts prejudice in his trial counsel's failure "to file a pretrial motion to suppress identification testimony or to object at trial to the same." The judgment of the motion court as to this issue is based on findings of fact that are not clearly erroneous. No error of law appears and an opinion with reference thereto would have no precedential value. The judgment on this point is affirmed in accordance with Rule 84.16(b).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.