Victor H. SANCHEZ, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30384.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 27, 2011.

Matthew Ward, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Jamie Pamela Rasmussen, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Victor Sanchez ("Movant") appeals the motion court's denial of his Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence filed pursuant to Rule 29.15.[1] In his sole point relied on, Movant asserts that the motion court clearly erred in denying his request for post conviction relief in that his trial counsel was "ineffective for failing to request an interpreter for the waiver of jury trial rights hearing. . . ." Movant argues that access to an interpreter was necessary for him to fully understand the waiver of his right to a jury trial because he is originally from Mexico and his primary language is Spanish. Because Movant has failed to prove that his understanding of the waiver proceedings was impaired by not having an interpreter present, we affirm the motion court's findings of fact and conclusions of law.

Movant was charged on January 27, 2006, via felony information, with one count of the class C felony of deviate sexual assault, a violation of section 560.011.

At a hearing on September 15, 2006, Movant, without an interpreter, signed a written waiver of his right to a jury trial and orally waived this right in open court. Later, on September 25, 2006, Attorney McGee filed a motion asking the court to appoint an interpreter for Movant at trial, claiming he had a "severe difficulty" understanding English. This motion was granted, and in a bench trial held on January 31, 2007, Movant was convicted of the sexual assault charge and sentenced to four years imprisonment. The evidence adduced at trial showed that Movant sexually assaulted his girlfriend after he suspected she was having an affair with another man. Movant appealed his conviction and it was affirmed on direct appeal to this Court in an unpublished opinion issued on May 23, 2008. Movant then filed a *pro se* motion for post conviction relief under Rule 29.15 on August 21, 2008. Appellate counsel was appointed, and an amended motion was filed on February 23, 2009. In the amended motion Movant claimed, among other things, that his trial counsel was ineffective for failing to obtain an interpreter to assist him at the jury trial waiver hearing.

An evidentiary hearing was held regarding the claims in the amended motion on December 21, 2009. There was testimony given by Movant (assisted by an interpreter), his trial counsel ("Attorney McGee"), as well as Amanda Moore ("Ms. Moore"), the probation and parole officer who completed Movant's sentencing and assessment report for the trial court, and Robin Etheridge ("Ms. Etheridge"), a former employer. Through his interpreter, Movant testified that he doesn't "really understand much [of the English language]" and stated, "I can communicate what's basic En-

1. All rule references are to Missouri Court Rules (2010). Statutory references are to RSMo 2000, unless otherwise set out.

glish, but I cannot communicate in what the whole legal language is." Movant testified that he understood about sixty to seventy percent that Attorney McGee told him in their conversations about his case. He said he signed the written waiver of jury because Attorney McGee told him "it would be good to sign it, because it would be better for me if I went to a bench trial." Movant related that he had been in the country since 1972 and has worked various construction and carpentry jobs. At least four different times during the hearing Movant answered questions in English before the interpreter could interpret them.

Attorney McGee testified at the evidentiary hearing that he conducted all his meetings with Movant in English and that only "once in awhile" would they have problems communicating. In those instances, Movant would tell him he didn't understand, and Attorney McGee would clarify the misunderstanding. Attorney McGee said he didn't request an interpreter to be present with Movant at the waiver of jury trial proceedings because he didn't believe it was necessary, in that they had discussed the pros and cons of a jury trial on three separate occasions prior to the hearing and Attorney McGee believed Movant understood the implications of the waiver. Furthermore, Attorney McGee testified that a jury waiver hearing tends to "move very slow" and that "[y]ou have plenty ... opportunity to make sure everybody understands what's going on." He noted that his usage of "severe difficulty" in the motion requesting an interpreter may have been "a little strong," but he wanted Movant to have an interpreter at trial because he would occasionally have difficulty understanding English where "things moved real fast," and Attorney McGee "presumed at trial things would move pretty quick."

In her testimony, Ms. Moore said she conducted a detailed interview with Movant in her preparation of the sentencing advisory report. No translator was present during their interview, but Ms. Moore reported having no problems conversing with Movant. Ms. Etheridge testified that she worked with Movant at a motel off and on from sometime in 2000 or 2001 until 2004, and was able to converse freely with him in English.

On February 3, 2010, the motion court issued its Findings of Fact and Conclusions of Law, which denied Movant post conviction relief. The motion court relied heavily on the transcript of the jury waiver hearing and determined that "the transcript clearly reflects Movant understood his rights." The motion court noted that at the aforementioned hearing, Movant's answers were "clear and articulate" and "at no time did he speak Spanish or indicate that he did not understand English." The motion court also took note of the several conversations that Attorney McGee had with Movant concerning the benefits of a jury trial versus a bench trial and concluded that Movant's "decision to do a bench trial was freely and voluntarily made" and that he did not waive his right to a jury trial "because of financial issues." Additionally, the motion court relied on the testimony of Ms. Moore and Ms. Etheridge that "[Movant] was able to communicate with them in English without problems."

In reviewing the denial of a Rule 29.15 motion for post conviction relief, the motion court's findings are presumed correct. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). "A motion court's judgment will be overturned only when either its findings of fact or its conclusions of law are clearly erroneous." *Id.* "A judgment is considered clearly erroneous when, in light of the entire record, 'the [appellate] court

is left with the definite and firm impression that a mistake has been made.'" *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005) (quoting *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000)). Additionally, "[c]redibility of [a] witness is a determination to be made by the motion court [and] [t]his Court must defer to the motion court's determination on matters of credibility." *Berry v. State*, 225 S.W.3d 457, 462 (Mo.App.2007) (internal quotations omitted).

To be entitled to post conviction relief for ineffective assistance of counsel, the movant has the burden to prove by a preponderance of the evidence that (1) counsel failed to exercise the customary level of skill and diligence that a reasonably competent attorney would show in similar circumstances, and (2) counsel's failure was actually prejudicial to the movant's case. *Worthington*, 166 S.W.3d at 572–73; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong of the *Strickland* test, the movant must overcome the strong presumption that counsel's performance was objectively reasonable and effective. *Worthington*, 166 S.W.3d at 573. To defeat this presumption, the movant "must point to specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink*, 278 S.W.3d at 176 (internal quotation omitted). To prove prejudice, the movant must show that, but for counsel's errors, the result of the proceeding would have been different. *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993). If the movant fails to satisfy one of the two prongs, we are not required to analyze the other. *See Wright v. State*, 125 S.W.3d 861, 866 (Mo.App.2003).

We find nothing clearly erroneous with the motion court's conclusion that Movant freely and knowingly waived his right to a jury trial and that, therefore, Attorney McGee was not ineffective for failing to request an interpreter for Movant at the jury trial waiver hearing. Trial counsel will not be deemed ineffective with respect to the appointment of an interpreter for the defendant where the defendant's understanding of the proceedings was not impaired. In *Munoz v. State*, 743 S.W.2d 506 (Mo.App.1987), the defendant, who spoke no English, was convicted of and sentenced to 15 years imprisonment. In his post conviction relief motion he argued his attorney was ineffective for employing a pre-trial interpreter who did not accurately interpret the attorney's statements made to him. *Id.* at 507. The motion court denied defendant relief, and on appeal, the Eastern District held that the motion court's judgment was not clearly erroneous because there was evidence that defendant had sufficient understanding of the proceedings. *Id.* at 507–08; *see also Garces v. State*, 862 S.W.2d 509, 511 (Mo. App.1993) (where movant appeals denial of post conviction relief on the basis that counsel was ineffective for appointing a Spanish interpreter whom movant could not "understand," the court held that the record refuted movant's claim in that it showed interpreter was fluent in Spanish and had previous experience in interpreting in court proceedings).

In the instant matter, Movant has failed to demonstrate that he was unable to fully comprehend that he was waiving his right to a jury trial at the said jury trial waiver proceeding. As noted, Movant admitted at the evidentiary hearing that he spoke "basic English," and several times on cross-examination he answered questions without waiting for the interpreter. Notably, Movant has lived in the United States since 1972. While Movant testified that he had a difficult time understanding English legal terms, we agree with another juris-

diction's reasoning that a "lack of understanding as to legal terminology and the way in which a case proceeds is certainly not unique to non-English speakers and is not the reasoning behind providing interpreters." *State v. Jadama*, 232 P.3d 545, 552 (Utah App.2010) (holding that a "demonstrably limited ability in English is necessary for an interpreter to be required"). Further, Attorney McGee testified he generally did not have problems communicating with Movant in English, and that when he did, he was able to go back and clarify Movant's misunderstandings. Additionally, prior to the waiver of jury trial hearing, Attorney McGee had multiple conversations with Movant about the pros and cons of waiving his jury trial rights, and Attorney McGee believed Movant understood what was at stake. Finally, two other witnesses, Ms. Moore and Ms. Etheridge, testified that they were able to converse with Movant in English without difficulty. Given the above evidence that evinces Movant's general ability to communicate in English and his particular understanding of the jury trial waiver, it is difficult to see how Attorney McGee's failure to request a pre-trial interpreter fell outside the wide range of competent professional assistance. *Zink*, 278 S.W.3d 170 at 176.

Although Movant emphasizes that Attorney McGee stated in his motion for the appointment of interpreter at trial that Movant has "severe difficulty" understanding English, Attorney McGee said that characterization was "a little strong." In addition, as noted previously, Attorney McGee testified that he only requested an interpreter for trial because the trial might move at a quicker pace than the waiver hearing, and Movant has a harder time understanding when things move quickly. In denying Movant's claim, we discern the motion court deemed credible Attorney McGee's testimony concerning his reasoning for why he requested an interpreter for trial and his overall evaluation of Movant's ability to understand the waiver of jury trial rights. We defer to the motion court on matters of witness credibility. *Watts v. State*, 248 S.W.3d 725, 732 (Mo. App.2008).

Because Movant has not overcome the presumption that trial counsel's performance was reasonable and effective, we decline to analyze the prejudice prong of the *Strickland* test. *Worthington*, 166 S.W.3d at 572–73. For all the foregoing reasons, we do not believe the motion court erred in denying relief. Point denied.

The judgment of the motion court is affirmed.

LYNCH and BURRELL, JJ., concur.