STATE of Missouri, Respondent,

v.

Anthony CLARK, Appellant.

No. 61792.

Supreme Court of Missouri,
En Banc.

May 11, 1981.

Mary Kay Wefelmeyer, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

This appeal was heard in Division One of this Court where an opinion was prepared by Welborn, C., however, the cause was transferred to the Court En Banc prior to the adoption of the opinion. The appeal has now been heard by the Court En Banc and the opinion by Welborn, C., in Division One is adopted by the Court En Banc and is set forth below without the use of quotations.

A jury found Anthony Clark guilty of second degree felony murder, committed in the perpetration of sodomy, and of sodomy. The defendant was sentenced to 40 years on the murder count and 10 years for sodomy, the sentences to be served concurrently. The Eastern District of the Court of Appeals affirmed the convictions. The case was thereafter transferred to this Court.

The state's evidence showed that, on July 21, 1977, the appellant enticed the 10-year-old male victim to an area beneath a viaduct at Lindell and Union Boulevards in St. Louis. There appellant had anal intercourse with the victim, hit him in the head with a rock and buried him under rocks and dirt. The victim died from suffocation.

■ Appellant's contention that the conviction for sodomy, the underlying felony in the murder charge, cannot stand must be sustained. *State v. Olds*, 603 S.W.2d 501, 509–510[12] (Mo. banc 1980). See also *State v. Morgan*, 612 S.W.2d 1 (Mo. banc 1981).

■ Appellant's second assignment of error is based upon the admission into evidence in the state's case of a toxicology laboratory report of the result of an acid phosphatase test of a rectal swab taken from the victim. The report showed the presence of seminal fluid in the victim's rectal area. The trial court, over objection based upon nonproduction of the person who conducted the test, admitted the report under The Uniform Business Records As Evidence Law (§§ 490.660—490.690, RSMo 1978) as part of the records of the medical examiner's office.

The complaint that the use of the report denied appellant the right to confront the witness against him as to a material fact on the sodomy charge is obviated by the reversal of the sodomy conviction.

Insofar as the murder count is concerned, appellant's statement, introduced into evidence, admitted anal intercourse with the victim. The appellant's trial testimony was that the victim had been killed by others after one of such attackers had "raped" the victim. Thus, the laboratory report, although arguably corroborative of the appellant's statement, was not inconsistent with appellant's trial version of the affair.

Therefore, even if the report should not have been admitted, its use was beyond a reasonable doubt harmless error.

Judgment affirmed as to Count I (murder); reversed as to Count II (sodomy).

WELLIVER, MORGAN and HIGGINS, JJ., concur.

RENDLEN, J., concurs in separate concurring opinion filed.

BARDGETT, C. J., and DONNELLY, J., dissent in separate dissenting opinions filed.

SEILER, J., dissents and concurs in separate dissenting opinion of DONNELLY, J.

RENDLEN, Judge, concurring.

I write only to express my disagreement with the analysis of that portion of the principal opinion reversing the sodomy conviction. Defendant was convicted of sodomy and second degree "felony" murder committed in the perpetration of the sodomy. The majority's reliance on *State v. Olds*, 603 S.W.2d 501, 509–10 (Mo. banc 1980), in reversing defendant's sodomy conviction, compounds this Court's faulty analysis and conclusion in *Olds* (and its progeny) that the legislature did not intend to authorize multiple punishment on convictions of first degree felony murder and the felony (kidnapping) in connection with the killing. In summarily concluding that "it cannot be demonstrated that the Missouri legislature intended to allow a court to separately punish a defendant both for felony-murder and the underlying felony . . ." because the relevant statutes do not contain a legislative "directive that a defendant may be separately punished if one offense is determined to be a lesser included of the other," 603 S.W.2d at 510, this Court in *Olds* ignored more than seventy years of Missouri legal history in which it has been completely undisputed that a defendant may be convicted of both felony murder and the underlying felony.

In 1910, obviously recognizing that conviction and punishment for both felony murder and the accompanying felony were permissible under the statutes, this Court held that acquittal of the murder charge does not bar subsequent prosecution for the felony. *State v. Bobbitt*, 228 Mo. 252, 128 S.W. 953, 960 (1910). Twenty years later, upholding the principle of dual convictions, this Court affirmed a conviction for robbery obtained after defendant pled guilty to murder. *State v. Moore*, 326 Mo. 1199, 33 S.W.2d 905 (1930). In *State v. Chambers*, 524 S.W.2d 826 (Mo. banc 1975), *cert. denied*, 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976), this Court permitted multiple punishments for felony murder and stealing, determining that the two convictions were not violative of the double jeopardy clause, as each crime required proof of an essential element that the other did not (killing in the case of a murder, and taking of property for stealing). 524 S.W.2d at 829. Intent to commit the underlying felony was the only element common to both. 524 S.W.2d at 829. We reaffirmed the tenets of *Chambers* in *State v. Overstreet*, 551 S.W.2d 621, 630 (Mo. banc 1977).

During these seventy years, our legislature has never amended the Missouri statute interdicting felony murder, nor enacted a prohibition, so as to preclude our consistent interpretation permitting conviction and punishment for both felony murder and the underlying felony. I believe the Court erred in *Olds* by disregarding almost three-quarters century of legislative acquiescence and repeated reenactment of the felony murder statutes demonstrating legislative approval of the cases construing the statutes. Yet, from all this the Court could find no intention of the General Assembly to separately punish one convicted of the felony and the attendant killing. To the contrary, the existence of the two statutes, criminalizing murder in connection with sodomy and the sodomy, coupled with such acquiescence in the unambiguous judicial interpretation, demonstrates the legislature's abhorrence of the two evils flowing from such despicable conduct and intent to proscribe and punish for both. *See, Albernaz v. United States*, —— U.S. ——, ——, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981). Additionally, it should be noted that a de-

termination the legislature intended to authorize multiple punishment forecloses any further double jeopardy inquiry. Dealing with these precise problems, the United States Supreme Court stated in *Albernaz*, "the question of what punishments are constitutionally permissible is not different from the question of what punishment the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishment, imposition of such sentences does not violate the Constitution." —— U.S. ——, ——, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275.

Nevertheless, I am constrained by *Olds* to concur in the result reversing the sodomy conviction and further concur in affirmance of the murder conviction.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent and concur in the rationale set forth in the dissenting opinion of Donnelly, J. I do so on the basis that, although murder in the second degree is a statutory crime in Missouri, one must, by the terms of the statute (565.004 formerly 559.020), look to the common law for the elements of the offense and I am persuaded that one of the common-law elements was "intent to kill". I am also persuaded that the intent to kill cannot be supplied by some other intent—e. g., intent to commit sodomy.

In the instant case the indictment charged that defendant, inter alia, "unlawfully, feloniously, willfully, deliberately, on purpose and of his malice aforethought did make an assault upon one [name] in the commission of an act of sodomy, thereby inflicting a mortal wound upon the said [victim] from which . . . [he] did die on July 21, 1977; contrary to Sections 559.009, 559.-020, Missouri Revised Statutes, . . ."

The murder charge was submitted by instruction No. 5 which did not require the jury to find the defendant intended to kill the deceased but authorized a verdict of murder in the second degree upon a finding that defendant caused the death of the deceased by striking him and did so in committing or attempting to commit sodomy.

There was evidence in the case, as stated in the principal opinion, that defendant, in addition to committing the sodomitic act, hit the victim in the head with a rock and buried him under rocks and dirt. There is no contention that the evidence was insufficient to support an instruction under which the jury would have submitted to it the element of intent to kill, as set forth in MAI–CR 15.14 Murder, Second Degree, Conventional, and which would permit the jury to find the defendant guilty of murder in the second degree by intentionally killing the deceased.

I would therefore affirm the conviction of sodomy and reverse the conviction of murder in the second degree for a new trial on that charge or an amended or substitute charge of murder in the second degree.

Neither *State v. Olds*, nor *State v. Morgan*, both cited in the principal opinion, prevents the proceedings noted above and neither case holds that a person cannot be convicted of sodomy and second-degree (conventional) murder.

DONNELLY, Judge, dissenting.

The principal opinion affirms the conviction of second degree felony murder, committed in the perpetration of sodomy.

Historically, Missouri has recognized the *common law felony-murder rule* under which a homicide committed in connection with a felony other than those enumerated in what is now § 565.003, RSMo 1978, is murder in the second degree. *State v. Jasper*, 486 S.W.2d 268, 271 (Mo. banc 1972). In Missouri, murder in the second degree must be a kind of murder cognizable at common law. § 565.004, RSMo 1978.

In *State v. Wieners*, 66 Mo. 13, 20, 21, 22 (1877), the Court undertook to determine "what is murder in the second degree," and, in so doing, made two significant statements:

"To constitute a killing murder there must be malice aforethought, not that the malice should be thought of beforehand, which would be absurd, as it is but a condition of the mind, but that the act,

prompted by this malice, should be thought of before, and it signifies properly a homicide, intentionally committed with malice. If one with malice assault another to chastise, and unfortunately kill him, unless there was an intention to kill, express or implied by law from the instrument used, or the nature of the chastisement inflicted, there could be no malice aforethought as to the killing, which was not in the contemplation of the party. To constitute murder, the killing must be with malice aforethought, that is, 'an unlawful intention to take life must precede the killing.'

\* \* \* \* \* \*

"The word malice \* \* \* is included in the term murder, and malice must exist before any homicide can be declared murder in either degree. Can there be malice aforethought when there is no intention to kill? There are cases at common law with which apparently the doctrine that an intent to kill is of the essence of murder is in conflict, but the conflict is only apparent. If one in perpetrating or attempting to perpetrate a felony, kill a human being, such killing is murder, although not specifically intended, for the law attaches the intent to commit the other felony to the homicide. The law conclusively presumes the intent to kill."

In *State v. Glover*, 330 Mo. 709, 719–20, 50 S.W.2d 1049, 1053 (1932), a case involving application of the felony-murder rule to murder in the first degree, the Court cited *Wieners* with approval, and then articulated the standard "that even though the homicide be unintentional, yet if it be committed in course of perpetrating the felony, and is a natural and proximate result thereof, such as the defendant reasonably was bound to anticipate—and therefore especially where the felony is dangerous and betokens a reckless disregard of human life—the homicide will be first degree murder under the statute."

On November 24, 1980, the Supreme Court of Michigan in *People v. Aaron*, 409 Mich. 672, 299 N.W.2d 304 (1980), abolished the felony-murder rule in Michigan. The opinions written in *Aaron* are published and need not be quoted here. It is enough to say that they exhaustively review the rule, and, at least for me, are devastatingly persuasive. Most importantly, they rest comfortably upon a basic tenet of our criminal law:

"The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil. \* \* \*." *Morissette v. United States*, 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952).

In my view, the use of the felony-murder rule (where an intention to kill is not required—where the law attaches the intent to commit a felony to the homicide) to convict and punish for murder, violates the Missouri Due Process Clause. Mo.Const., Art. I, § 10.

In my view, the holding in *State v. Olds*, 603 S.W.2d 501 (Mo. banc 1980) is extraneous. I would reverse the second degree murder conviction and affirm the sodomy conviction.

I respectfully dissent.