STATE of Missouri,
Plaintiff–Respondent,

v.

Terry RUSSELL, Defendant–Appellant.

Nos. 54309, 55964.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 14, 1989.

J. Michael Hardcastle, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of murder second degree (felony murder), and robbery first degree and his sentence as a Class X offender to two

consecutive life sentences. He also appeals from the denial of his Rule 29.15 post-conviction motion but has raised no claim of error as to that order and so has abandoned that appeal. We affirm the convictions and remand for resentencing.

Defendant makes no challenge to the sufficiency of the evidence to support his conviction. The evidence was sufficient to support the following scenario. In August 1986, defendant in the company of Ladon McCulley and Robert Loggins went to the residence of Charles Petkovich for the purpose of stealing property from the Petkovich residence. McCulley and Loggins broke into the house in the early morning hours when any occupant could be expected to be asleep. Defendant remained outside the residence. During the course of the robbery either McCulley or Loggins or both beat Petkovich with a bottle, and cut his face. They removed much personal property from the residence and with the help of defendant loaded it into two Cadillac automobiles owned by Petkovich. A substantial sum of money was also taken from the house. After removal of the property, McCulley and Loggins returned to the house at which time defendant heard four shots. Petkovich was shot four times in the head at close range. Loggins or McCulley or both then poured an accelerant on various parts of the house including on Petkovich, who was still alive, and set fire to the accelerant. Although at least one of the wounds to the head very probably would have caused his death, Petkovich actually died of smoke inhalation. McCulley, Loggins and defendant left the scene in the two Cadillacs.

Defendant was charged with first degree murder, first degree arson, and first degree robbery. The information advised defendant that if the State submitted second degree felony murder it would rely upon the perpetration of the Class A felony of robbery first degree. Defendant denied in his statement to the police that he had any knowledge of the arson until the morning after the crime. He was acquitted by the jury of the arson charge.

■ Defendant initially raises a challenge to the State's use of its peremptory challenges pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The State utilized four of its six challenges to remove blacks from the panel. The eventual composition of the jury was six blacks and six whites. *Batson* requires that a defendant show three things to make a prima facie case of racial discrimination in the use of peremptory challenges. First, he must establish that he is a member of a cognizable racial group and that the prosecutor utilized peremptory challenges to remove from the venire members of his race. That defendant established. Secondly, he may rely upon the fact that peremptory challenges constitute a jury selection practice that permits those who would discriminate to discriminate. Finally, defendant must show that these facts and other circumstances raise an inference that the prosecutor used her peremptory challenges to exclude members of the venire based upon race. That showing is totally lacking. The prosecutor did not utilize her challenges to remove as many as possible of defendant's race from the jury. This undercuts any inference of impermissible discrimination. *State v. Griffin,* 756 S.W.2d 475 (Mo. banc 1988) [2]. It is not necessary for us to consider the prosecutor's explanations for her strikes as directed in *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987) because this case was tried prior to *Antwine. See, State v. Griffin, supra.* Even were we to do so, the explanations given do not evidence a discriminatory intent but are rather race neutral explanations. Defendant has failed to establish a *prima facie* case under *Batson.*

■ Defendant next contends that the court erred in admitting photographs taken of the victim at the time of his autopsy. The photographs were relevant to aid the testimony of the medical examiner, to understand the nature and extent of the wounds, and as evidence of the element of deliberation required for the charge of first degree murder. We find no abuse of the trial court's broad discretion in admitting the photographs. *State v. Murray,* 744 S.W.2d 762 (Mo. banc 1988) [17–21].

Defendant next contends that he could not be convicted of felony murder because the cause of death of Petkovich was smoke inhalation resulting from the arson, on which charge defendant was acquitted. The underlying felony here was the robbery and the evidence is sufficient to establish defendant's intent to commit that crime. That is the only mental state required to support the felony murder conviction. *State v. Rumble*, 680 S.W.2d 939 (Mo. banc 1984) [2, 3]. The arson and resultant smoke inhalation was not a superceding and independent cause of death from the robbery. The homicide resulted from a single continuous transaction closely connected in time, place and causal relation. *State v. Baker*, 607 S.W.2d 153 (Mo. banc 1980) [4]. The arson was an integral part of that transaction and arose from the robbery. There is no merit to this claim of error.

Defendant challenges the trial court's overruling of two objections to the State's final argument. We have reviewed both portions of the argument objected to and find no error in the court's rulings.

Finally, defendant contends that application of the felony murder concept denies him due process and violates the constitutional prohibition against double jeopardy. The latter claim is upon the basis that sentencing for both the murder and the underlying felony is greater punishment than the General Assembly intended. Sec. 565.021.2 RSMo 1986 specifically authorizes punishment for both crimes.

The due process contention is based upon a single dissenting opinion that opined that attaching an intent to kill to an underlying felony violates notions of due process. *See, State v. Clark*, 615 S.W.2d 55 (Mo. banc 1981) (Donnelly dissenting). We have neither the inclination nor the authority to reexamine the felony murder concept which has long been the law of this State.

The State raises one additional point. Defendant was sentenced as a Class X offender. The statute establishing punishment for that class of offender did not become effective until after the commission of the crimes for which defendant was con-victed. In *State v. Lawhorn*, 762 S.W.2d 820 (Mo. banc 1988) [5], the court held that Sec. 558.019 could not be applied to a defendant convicted of a crime committed before the effective date because to do so would run afoul of the constitutional prohibition against *ex post facto* laws. *Lawhorn* governs this case and the case is remanded for resentencing.

Convictions affirmed and cause remanded for resentencing. Appeal from the Order denying post-conviction relief is dismissed.

SATZ, P.J., and GRIMM, J., concur.