**Michael HOOD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56412.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied
April 17, 1990.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Michael Hood, appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm. Movant was convicted by a jury of voluntary manslaughter on July 7, 1986, and was sentenced to fifteen years imprisonment. This court affirmed movant's conviction on direct appeal. *State v. Hood*, 745 S.W.2d 785 (Mo.App., E.D.1988).

Movant lived with his girlfriend, Cynthia Moore, and her five children, two of whom were fathered by her former boyfriend, Jeffrey Bernard Gary. At approximately four o'clock in the afternoon on January 12, 1986, Mr. Gary and his brother drove to movant's and Ms. Moore's home so that Mr. Gary could visit his two children. Before Mr. Gary and his brother entered the house, Ms. Moore's nine year old son Deandre (who was not one of Mr. Gary's children) told Mr. Gary that movant had "whooped" Mr. Gary's kids.

Mr. Gary then picked up a rather large stick from the yard and he and his brother went inside the house. Mr. Gary confronted movant about the alleged "whoopings" and the two of them began fighting. During the fight, movant grabbed a butcher knife and stabbed Mr. Gary. Mr. Gary later died as a result of the stab wounds. Movant was charged with second degree murder but the jury convicted him of voluntary manslaughter.

■ In this appeal, movant claims that his constitutional rights had been violated based on the following:

1) The trial court's refusal to exclude testimony regarding whether movant beat Mr. Gary's children;

2) The trial court's admission into evidence of photos of Mr. Gary showing the stab wounds;

3) The trial court's removal from the courtroom of a suspicious spectator which was done in the jury's presence;

4) The trial court's refusal to submit movant's circumstantial evidence and self defense jury instructions.

All four of these are assertions of trial errors which ordinarily are not cognizable in a postconviction proceeding. *Rainwater v. State*, 770 S.W.2d 368, 371 (Mo.App., W.D.1989); *Gilmore v. State*, 741 S.W.2d 704, 707 (Mo.App., E.D.1987). In order for movant to be entitled to relief based on such claims, he must prove that they amounted to constitutional violations and he must "show exceptional circumstances which justify not raising those grounds on

direct appeal." *Rainwater*, 770 S.W.2d at 371.

Movant presented no evidence at his evidentiary hearing to back up claims 1, 2, and 4. Movant did testify that he believed that the removal of the spectator might have inflamed the jury, yet movant also stated that he never saw the spectator.

Movant has not shown any reason why these grounds could not have been raised on direct appeal. Indeed, all of these claims were contained in his motion for new trial but were not presented on appeal. The motion court's refusal to grant relief based on any of these claims was not clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

Movant also claims his trial counsel was ineffective for failing to investigate several witnesses and by failing to introduce as evidence the stick used by Mr. Gary. Movant claimed that two witnesses would have testified that he did not "whoop" the kids and that Mr. Gary had threatened movant. Movant also claimed that there were a number of other children who witnessed the fight. None of these potential witnesses testified at movant's evidentiary hearing.

■ In order to prevail on a claim of ineffective assistance of counsel, movant must show that counsel's performance did not meet reasonable professional standards and that this ineffectiveness affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D. 1987). The testimony at the evidentiary hearing established that movant had admitted "whooping" the children and that the children movant claimed witnessed the incident did not see the stabbing. It was not clear what events these children did witness. Movant's trial attorney stated that the only child who witnessed the event was Deandre, who did testify at trial. Movant's trial attorney also testified that he instructed movant's mother to keep the stick for

use at trial but movant's mother was ultimately unable to obtain the stick.

The motion court found that movant's trial counsel rendered effective assistance since evidence regarding movant's "whoopings" would have been unnecessary given movant's admitting to them and the motion court stated that movant failed to show prejudice from the failure to produce the other child witnesses. The motion court stated further that counsel was not ineffective for failing to produce the stick. We do not find these conclusions to be clearly erroneous. *Day*, 770 S.W.2d at 695.

The motion court's denial of movant's Rule 29.15 motion was not clearly erroneous and therefore is affirmed.

REINHARD and CRIST, JJ., concur.