STATE of Missouri, Plaintiff–Respondent,

v.

Gregory OLIVER, Defendant–Appellant.

Gregory OLIVER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 53236.

Missouri Court of Appeals, Eastern District, Division Five.

May 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1990.

Application to Transfer Denied July 31, 1990.

Kathleen Green, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

This is a consolidated appeal from defendant Gregory Oliver's conviction by a jury of murder in the first degree and assault in the first degree and the subsequent denial of his 29.15 motion. He was sentenced to two life sentences. On appeal, we affirm both his convictions and the denial of his 29.15 motion.

On the evening of June 6, 1985, the defendant Gregory Oliver was playing cards at the home of Elizabeth Palmer. Gregory called his brother Ronald and asked him to come to Elizabeth's to pick him up. After Ronald arrived at Elizabeth's house, he came inside for a few minutes and watched Gregory play cards. During this time, someone flicked the lights off and on. When this happened, Ronald drew his gun and fired a shot into the ceiling of the apartment.

After the incident, Gregory and Ronald left the apartment. Elizabeth followed them outside of the building where Ronald forced her into his automobile at gunpoint. After riding around with Gregory and Ronald, Elizabeth was able to escape from them. The two brothers then proceeded to the home of Diane Moore in St. Louis, Missouri. When Ronald and Gregory ar-

rived, Diane, Andrew Chambers, James Crate, and others were in the apartment. Gregory carried a can of gasoline into Diane's apartment which he splashed on the floor and threatened to ignite. At this time, Diane testified Gregory stated that he was "Jake the mother f——ing snake" and there "ain't nobody as bad as him." Diane also testified that Gregory stated: "Bitch, I will blow you and your children up." During this time, Ronald was standing behind James Crate who was seated on a footstool next to the couch. Andrew Chambers was sitting on the couch. Diane saw Ronald pull out a gun and shoot James Crate in the back of the head. Diane yelled at Ronald who turned and shot her four times. In the melee, Andrew Chambers was also shot. James Crate died, Andrew Chambers and Diane Moore were injured. After the shooting, the two brothers ran out of the building to their car and drove away. They were arrested a short time later.

Gregory and Ronald were jointly tried and convicted by a jury. Gregory's main defense was that he did not aid or encourage Ronald in committing the offenses. The jury found Gregory guilty of murder in the first degree and assault in the first degree.

We should note that the appeal of co-defendant Ronald Oliver has been affirmed by this court. *State v. Oliver*, 775 S.W.2d 308 (Mo.App.1989).

On appeal, the defendant argues five points of error: 1) the trial court erred in joining the defendants and in failing to grant their subsequent motion to sever; 2) the trial court erred in failing to quash the jury for a violation of *Batson;* 3) the trial court erred in not limiting or in the alternative admitting the testimony of the state's witnesses concerning the prior inconsistent statements of witness Elizabeth Palmer when the witness denied having made the statement; 4) the trial court erred in allowing the state's rebuttal witness Pierre Davis to testify; 5) the trial court erred in failing to grant appellant's motion for acquittal and in accepting the jury's verdict

1. All statutory references are to RSMo 1986.

of guilty in that there was insufficient evidence to sustain the conviction.

Appellant's first point alleges that the trial court erred in first joining the defendants and then in failing to grant their motion to sever. The defendants were charged in separate indictments. The court granted the state's motion to join the defendants. The defendants filed a motion to sever which was denied.

■ Missouri rules provide for joinder of defendants charged in separate indictments or informations. Rule 24.06(a) provides:

If two or more defendants could have been joined in the same indictment or information but they are charged in separate indictments or informations, the court may order the defendants to be tried jointly upon motion of any party.

Two or more defendants may be charged in the same indictment or information if they participated "in the same series of acts or transactions constituting an offense" and no "substantial prejudice" would result from the joinder. § 545.140 RSMo 1986.[1] Thus, we find that the trial court did not abuse its discretion in granting the state's motion to join the co-defendants.

■ Next, appellant claims the trial court erred in refusing to grant the defendants' motion for severance. Section 545.-880, in pertinent part, provides:

2. If, upon written motion of the defendant, the court finds that the probability for prejudice exists in a joint trial, the court shall order the severance of defendants for trial. The court shall find that the probability for prejudice exists if:

\* \* \* \* \* \*

(2) There is, or may reasonably be expected to be, material and substantial evidence admissible against less than all of the joint defendants;

\* \* \* \* \* \*

(4) Severance of the joint defendants is necessary to achieve a fair determination of guilt or innocence of any defendant.

Appellant argues that the defendants' trial should have been severed because evidence concerning the kidnapping of Elizabeth Palmer, evidence concerning Ronald's statements to the effect they were going to Diane Moore's apartment, and other statements made by Ronald to various psychiatrists and psychologists would not have been admissible in a separate trial. Appellant also seems to argue that the defenses are inconsistent and appellant was thereby prejudiced by the joint trial.

The trial court has considerable discretion in determining whether or not a severance is warranted. *United States v. Reeves*, 674 F.2d 739, 744 (8th Cir.1982). Denial of a motion for severance is not grounds for reversal unless the trial court's denial constituted clear prejudice and an abuse of discretion. *Id.* Severance is required when the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to the separate defendants. *Id.* Before the refusal to sever may be deemed an abuse of discretion, the defendant must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial. *United States v. Engleman*, 648 F.2d 473, 481 (8th Cir.1981).

In the case at bar, we rule that the trial court did not abuse its discretion in failing to grant the motion to sever. The evidence concerning the circumstances around the alleged kidnapping of Elizabeth Palmer would have been admitted against Gregory Oliver. While evidence of uncharged crimes is generally inadmissible, the evidence of Gregory's participation in the kidnapping of Elizabeth Palmer would be admissible under the "complete story" exception. *State v. Perkins*, 680 S.W.2d 331, 334 (Mo.App.1984). Evidence of statements by Ronald to the effect that the two co-defendants were headed to Diane Moore's apartment were held not to be admissible against either defendant. (*See* Point 3 below and *State v. Oliver*, 775 S.W.2d 308, 309–11 (Mo.App.1989).) We find defendant Gregory Oliver was not prejudiced by the admission of these statements. In light of the fact that the jury was instructed not to consider Ronald's statements to the psychi-

atrists and psychologists as evidence of whether the defendants committed the acts charged against them, we find that Gregory suffered no prejudice. The defendant did not demonstrate that the joint trial prejudiced his right to a fair trial, and thus, the trial court did not abuse its discretion by failing to sever the defendants' trial.

Furthermore, the appellant claims that the defendants' defenses are irreconcilable. While it is the duty of the trial court to sever the trials of co-defendants if there are irreconcilable defenses, the doctrine is limited to those cases where the jury will infer that the conflict alone demonstrated that both are guilty. *See State v. Oliver*, 775 S.W.2d at 313. Here, the defenses are not irreconcilable. Ronald's defense is not to deny commission of the acts, but rather to claim he is not responsible for his actions. Gregory's defense is that he was an innocent bystander and that he tried to keep Ronald from committing the offenses. *See State v. Oliver*, 775 S.W.2d at 314. Since the defenses are not irreconcilable, appellant's contention has no merit. Point denied.

Appellant's second point relied on contends that the trial court erred in failing to quash the jury when the assistant circuit attorney used ten of his twelve peremptory strikes to remove black veniremen from the panel in violation of principles in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant argues that he made a prima facie case of racial discrimination in the state's exercise of peremptory challenges which the state failed to rebut by coming forth with race-neutral reasons for those strikes.

In order to protect racial minorities from purposeful discrimination through the state's use of peremptory challenges, the Supreme Court formulated standards used to determine whether prosecutors exercised their peremptory challenges in a racially discriminatory manner. The defendant may establish a prima facie case of racial discrimination by showing that 1) defendant is a member of a cognizable racial group, 2) the prosecutor has exercised peremptory challenges to remove

members of the defendant's race from the venire, and 3) that "these facts and any other relevent circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987) quoting *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723. Once the prima facie case is made, the burden shifts to the state to come forward with race-neutral reasons for striking the jurors. *Batson*, 106 S.Ct. at 1723.

First, it should be noted that this issue was denied in co-defendant Ronald Oliver's direct appeal. Appellant has not convinced us that this issue should be decided any differently here. *See State v. Oliver*, 775 S.W.2d at 311–312. The sitting jury was comprised of five blacks and eight whites. We have recognized that there are practical limitations to the *Batson* principles. Here, the fact that there were five blacks remaining on the jury undercuts any inference of discrimination. *State v. Oliver*, 775 S.W.2d at 312; *Benton v. State*, 779 S.W.2d 319, 322 (Mo.App.1989); *State v. Crump*, 747 S.W.2d 193, 196 (Mo.App.1988). The defendant failed to make a prima facie case. Thus, his second point is denied.

■ In his third point, appellant contends that the trial court erred in not limiting the testimony when the state impeached its own witness with his prior inconsistent statements. The statements at issue are those of Elizabeth Palmer, a witness for the state. Palmer was asked by the state whether she made any statements regarding the Olivers' planned destination or deeds. She denied making any such statement. The state presented four witnesses who testified that Palmer stated that she had been told by Ronald Oliver that they were headed to an address on Fair Street to kill some people. The appellant argues that since the statement by Ronald was not made in Gregory's presence and there is no evidence Gregory concurred in Ronald's statement, the court committed plain error by not giving an instruction limiting this evidence to Ronald. In the alternative, appellant argues that

Section 491.074 runs afoul of the Confrontation Clause when evidence is admitted of the witness's extrajudicial statement when the witness denies having made the prior inconsistent statement.

■ We will take these issues in reverse order since we hold that in a criminal case the prior inconsistent extrajudicial statements of a witness may not be admitted as substantive evidence when the witness denies at trial having made the statements. *State v. Oliver*, 775 S.W.2d at 311.

In co-defendant Ronald Oliver's direct appeal, this court ruled that the admission of these statements under Section 491.074 was error. *State v. Oliver*, 775 S.W.2d at 309–311. Since the witness denies making any extrajudicial statements any opportunity for cross-examination of this witness in regard to her alleged statements is foreclosed. To admit such statements runs afoul of the Confrontation Clause. *State v. Oliver*, 775 S.W.2d at 310–311.

In the case at bar, Palmer denied making any statements about the Olivers' destination. This denial foreclosed any opportunity for cross-examination in regard to the content of that statement. Thus, when testimony was introduced that Palmer had in fact made such statements, the crucial inquiry became whether or not Palmer had made the statements. This is a collateral issue and should not have been pursued. *State v. Oliver*, 775 S.W.2d at 311. We find that the admission of Palmer's prior inconsistent statements under Section 491.074 after she denied making the statements is error. However, such error did not prejudice the defendant.

Under the evidence and circumstances of this case, the error was harmless. There is strong evidence to support Gregory's conviction. He threatened to blow up Diane Moore and her children. He brought a gas can and splashed gas throughout her apartment. Then he threatened to ignite the gas. After the shooting, he fled from the apartment with his brother. Such evidence was sufficient for the jury to find the defendant guilty and the admission of the inconsistent statements under the facts of this case did not prejudice the defendant.

Regarding the first part of appellant's point, before the court will apply the plain error rule there must be a clear showing that injustice or a miscarriage of justice will result. *State v. Cannady*, 660 S.W.2d 33, 37 (Mo.App.1983). Because there is no such showing, the first part of appellant's point is also denied.

■■■ Appellant's fourth point relied on contends that the trial court erred in allowing the state to present the rebuttal testimony of witness Pierre Davis since it merely repeated evidence from the state's case.

■■■ Rebuttal testimony is any competent testimony that tends to explain, counteract, or refute evidence offered by the defense. *State v. Dizdar*, 622 S.W.2d 300, 302 (Mo.App.1981). The admission and scope of rebuttal testimony is generally discretionary with the trial court. *State v. Ramsey*, 710 S.W.2d 459, 461 (Mo.App. 1986).

In the case at bar, Elizabeth Palmer testified that she was forced into Ronald Oliver's car at gun point. Gregory Oliver testified that Palmer entered the car voluntarily. In rebuttal, Pierre Davis stated he saw Ronald point a gun at Palmer while they were standing by the car. Pierre Davis's testimony is proper rebuttal since it refuted Gregory's testimony. Point denied.

■■■ Appellant in his fifth point contends that the trial court erred in failing to grant appellant's motion for judgment of acquittal and in accepting the jury's verdict as to both counts I and II in that the evidence is insufficient to sustain the conviction because: 1) there is no evidence from which the jury could find or infer beyond a reasonable doubt that appellant cooly and fully reflected upon causing the death of James Crate; and 2) there is no evidence from which the jury could find or infer beyond a reasonable doubt that appellant took any action designed to aid or encourage Ronald Oliver in causing the death of James Crate or in causing serious physical injury to Diane Moore or that appellant acted with Ronald Oliver in any way in the perpetration of these crimes.

In assessing sufficiency of the evidence challenges, the court views the evidence, together with all reasonable inferences to be drawn therefrom, in the light most favorable to the verdict and ignores evidence and inferences contrary to the verdict. *State v. Mallett*, 732 S.W.2d 527, 530 (Mo. banc 1987).

■■■ Mere presence of the accused at the scene of the crime, even coupled with an opportunity to commit the crime, will not alone sustain a conviction. *C.E.E. v. Juvenile Officer*, 727 S.W.2d 451, 452 (Mo.App.1987). But, the presence of the accused at the scene of the crime, coupled with other evidence will sustain a conviction. *State v. Harris*, 602 S.W.2d 840, 845 (Mo.App.1980). Presence of the accused and flight from the scene of the crime are circumstances indicating guilt. *State v. Harris*, 602 S.W.2d at 845; *State v. Burnley*, 480 S.W.2d 881, 883 (Mo.1972). Participation may be inferred and the evidence need not directly reflect the accused in the act of committing the crime with which he is charged. *State v. Harris*, 602 S.W.2d at 845. Such inference may be drawn from the presence of the accused, conduct before and after the offense, and companionship before and after the offense. *State v. Arnold*, 566 S.W.2d 185, 187 (Mo. banc 1978). Evidence showing any form of affirmative participation in the crime is sufficient to support a conviction. *Id.*

In the case at bar, there was sufficient evidence to submit this case to the jury. Gregory was with his brother Ronald at Elizabeth Palmer's apartment when Ronald fired the gun into the ceiling. Gregory accompanied Ronald and the kidnapped Palmer. After Palmer escaped, Gregory and Ronald went together to Diane Moore's apartment. Inside Moore's apartment, Gregory splashed gas on the carpet and threatened to blow up Diane and her children. After the shooting Gregory and Ronald fled the scene of the crime together. Gregory had a viable motive to be vindictive toward Diane Moore in that she had been his girlfriend and had recently broken off the relationship. Thus, the evidence was sufficient to support appellant's conviction. Point denied.

■■■ Appellant filed both a pro se and an amended Rule 29.15 motion. After an

evidentiary hearing, the motion court denied the appellant's motion on the merits. Thus, appellant appealed to this court. Neither of the motions were verified by the appellant. Verification by the appellant is mandatory. *Mills v. State,* 769 S.W.2d 469, 490 (Mo.App.1989); *Quinn v. State,* 776 S.W.2d 916, 918 (Mo.App.1989). Such motions should be dismissed by the motion court. *Ex gratia,* we have reviewed appellant's contentions; we rule that the motion court's findings and conclusions are not clearly erroneous. Thus, we find no error. Considering the nature of the claims, an extended discussion of appellant's contentions would have no precedential value. Rule 84.16(b).

On February 20, 1990, appellant's counsel filed a motion for Leave to Resupply Verification. Since verification is a jurisdictional requirement, we have no authority to grant this motion. Motion denied.

The judgment is affirmed.

SIMON, C.J. and JOSEPH J. SIMEONE, Senior Judge, concur.