Eric D. CLEMMONS, Appellant,

v.

STATE of Missouri, Respondent.

No. 57362.

Missouri Court of Appeals,
Eastern District,
Division One.

June 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Eric Clemmons, appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Movant was convicted on June 16, 1983, of capital murder for the murder of Todd Weems and assault in the first degree for an assault on Lindsey Washington. On July 15, 1983, movant received a sentence of life imprisonment without eligibility for probation or parole for a minimum of fifty years on the capital murder conviction and ten years imprisonment on the assault conviction. These sentences were to run concurrently. This court affirmed movant's

convictions on appeal. *State v. Clemmons,* 682 S.W.2d 843 (Mo.App., E.D.1984).

On May 10, 1988, movant filed a timely, verified *pro se* motion to vacate, set aside or correct the judgment pursuant to Rule 29.15. Counsel was appointed for movant on July 13, 1988, and on September 8, 1988, counsel for movant filed a timely, yet unverified, amended motion. A *pro se* addendum was filed in an untimely manner on September 14, 1988.[1]

On November 7, 1988, the motion court heard evidence relating to movant's claims. The court then continued the cause until June 23, 1989, to allow movant's trial counsel to testify by way of interrogatories. The motion was taken as submitted on August 3, 1989, and on August 4, 1989, the court entered its findings of fact and conclusions of law denying movant's claims. Movant appealed and filed two motions which this court has taken with the case. We will address movant's first motion for leave of court to correct the lack of verification on movant's amended 29.15 motion first. Movant's second motion, for remand to the trial court to allow for the filing of a motion for new trial, will be addressed in a later portion of this opinion.

■ After filing his notice of appeal, movant filed a motion with this court "for leave of court to correct defect of Rule 29.15 amended motion...." Attached to the motion to correct is a copy of movant's amended motion with verification added. Movant contends that this corrects the prior defect in his Rule 29.15 amended motion. We disagree.

In *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989), the Missouri Supreme Court held that the time limitations *and* procedural requirements of Rule 29.15 are valid and mandatory. *Day,* 770 S.W.2d at 695. Strict compliance with the Rule, is therefore, required to insure that movant's claims are preserved for review by the

motion court and are not procedurally waived. See Rule 29.15(d).

Rule 29.15 requires that:

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed.

Where a movant has failed to verify his motion, this court has held that none of the points contained in the motion are preserved for review. *Witcher v. State,* 789 S.W.2d 123, 125 (Mo.App., E.D.1990); *West v. State,* 787 S.W.2d 856, 857–858, (Mo. App., E.D.1990). The requirement of verification is, thus, jurisdictional.

In *State v. Oliver,* 791 S.W.2d 782 (Mo. App., E.D.1990), this court considered a motion for leave to resupply verification quite similar to that filed in the present case. In *Oliver,* the court stated "[s]ince verification is a jurisdictional requirement, we have no authority to grant this motion." *Oliver,* 791 S.W.2d at 789. We agree with this conclusion and deny the motion to supply verification.

Movant next contends that the motion court erred in failing to make findings of fact and conclusions of law on several issues contained in his Rule 29.15 *pro se* motion. We find that the findings and conclusions are sufficient for appellate review—that is all that is required. *Jackson v. State,* 729 S.W.2d 253, 256 (Mo.App., E.D.1987).

■ At the hearing on his Rule 29.15 motion, movant failed to present any evidence on most of the points which movant now claims the motion court should have specifically addressed in its findings of fact and conclusions of law. Allegations in Rule 29.15 motions are not self proving and movant must prove his grounds for relief by a preponderance of the evidence. Rule 29.15(h); *Rumble v. State,* 741 S.W.2d 283, 285 (Mo.App., E.D.1987). In the present case, the motion court specifically addressed several points contained in movant's 29.15 motions and then stated "this

---

**1.** As this *pro se* addendum was filed in an untimely manner, we will not consider it. *Sloan*

*v. State,* 779 S.W.2d 580, 582 (Mo. banc 1989).

court considered all allegations raised by movant in his initial motion and subsequent motion and finds movant failed to establish the truth of the allegations and denies relief sought." The findings and conclusions of the motion court need not be itemized. *Jackson,* 729 S.W.2d at 255–56. In addition, the failure to even make findings of fact and conclusions of law on issues not presented in a motion hearing is not error. *Rumble,* 741 S.W.2d at 285.

The next issue on which movant contends the motion court failed to make findings and conclusions is the State's "knowingly" providing false and conflicting evidence in his trial as opposed to evidence adduced in the trial of movant's co-actor Stanley Barnes. A review of the findings and conclusions reveals that the motion court did consider this issue and found the movant had failed to prove the allegation "by the preponderance of the credible evidence."

■ The final issue movant contends was not specifically addressed by the motion court is counsel's failure to secure a self-defense instruction on the charges of capital murder and assault in the first degree. Initially we note that the motion court did address both of these allegations. We also note that this court reviewed the self-defense claim instruction for capital murder on direct appeal and found insufficient evidence on which to base the instruction. Postconviction relief motions may not be used as a substitute for appeal or as an opportunity for a second appellate review. Issues raised in the direct appeal cannot be relitigated in a postconviction relief proceeding. *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989). This is true even if the issue is cloaked in a different theory.

Movant's next contention is that his "trial counsel failed to request and the trial court erred in failing to give an instruction on self-defense." As noted above, since this issue was raised on direct appeal, and this court denied relief, movant may not raise the issue a second time. *O'Neal,* 766 S.W.2d at 92.

■ Movant next contends that the trial court erred in sustaining the State's objection to appellant's cross examination of a witness. Assertions of trial error are not cognizable in postconviction relief proceedings unless they are proven to amount to constitutional violations and exceptional circumstances are shown justifying not raising these grounds on direct appeal. *Hood v. State,* 785 S.W.2d 565, 566 (Mo.App., E.D.1990). Such circumstances do not exist here. Point denied.

Movant's next point is that his trial counsel was ineffective in failing to specifically object to certain medical exhibits and that the court erred in allowing the admission of certain state medical exhibits as they violated his right to confront witnesses against him. We note that counsel objected several times to the admission of the exhibits because, without the treating physician in court, it would be impossible to go into the basis of a diagnosis. These objections were made without success. Although the objections were not as specific as movant would like, this court would be placing an unacceptable burden upon an attorney to choose the exact grounds for objection should it grant movant's claim. *Kelly v. State,* 784 S.W.2d 270, 272 (Mo. App., E.D.1989). In addition, the grounds for the objection should have been clear to the trial judge. Thus, despite the lack of specific objection, the issue could have been presented to the appellate court for review. *Id.*[2]

Movant's last point on appeal, and the grounds for his second motion, is based on certain testimony of a State witness at the trial of his co-actor, Stanley Barnes, that conflicted with testimony presented at his own trial.

At movant's trial, State witness Dr. Mary Case testified that the cause of death of Todd Weems was blows to the head consistent with being struck with a heavy pipe. At the trial of Stanley Barnes, however, Dr. Case testified that the injuries

---

**2.** The trial court's admission of the exhibits is, once again, an allegation of trial error and can-

not be reviewed in a postconviction relief proceeding. *Hood,* 785 S.W.2d at 566.

from the pipe wielded by the movant would not have been lethal.

▬ Movant first contends that his trial counsel was ineffective in not investigating and discovering this evidence. Movant failed to present this issue to the motion court, however, and now asks this court to review the matter for plain error. There is no such thing as plain error in postconviction relief cases. Appellate review of the trial court's action on a postconviction relief motion is *"limited"* to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). Emphasis added. In addition, this court fails to see how counsel could be ineffective in failing to discover evidence which was not produced until almost a year after movant's trial. As movant concedes, even had trial counsel deposed Dr. Case, "it is possible that the witness might never have given the trial counsel the exculpatory testimony she gave at [his brother's] trial."

▬ Movant next suggests that this constitutes new evidence and that a new trial should be granted. However, claims of newly discovered evidence may not be raised in the postconviction relief proceeding. *Reagan v. State,* 751 S.W.2d 793, 795 (Mo.App., E.D.1988).

▬ Finally, movant filed a motion requesting this court to remand the issue to the trial court so that a motion for a new trial could be filed based on this newly discovered evidence.

In *State v. Warden,* 753 S.W.2d 63 (Mo. App., E.D.1988), the defendant attempted to file a motion for a new trial claiming newly discovered evidence nine years after the return of a jury verdict against him.

The motion was denied and defendant appealed to this court. This court held that defendant's motion for a new trial was untimely and a nullity as it did not comply with Rule 27.20(a) (1978) and stated that "[t]he trial court is not empowered to waive or extend the time to file a motion for a new trial beyond that authorized by the rule." *Warden,* 753 S.W.2d at 64.

In the present case, movant's conviction was obtained on June 16, 1983, and he was sentenced on July 15, 1983. Rule 29.11, which was in effect at the time of defendant's trial, required that a motion for a new trial be made within 15 days of the return of the verdict. Upon application by defendant, the court could extend this time for one additional period not to exceed ten days.[3] Clearly these time limitations passed long ago and, were this court to remand this case down to the trial level to permit the filing of a motion for a new trial, the trial court would have no alternative but to dismiss the motion as untimely.[4] This court will not do a useless thing.[5]

Finding no merit to appellant's claims of error, we affirm.

REINHARD and CRIST, JJ., concur.

▬

---

**3.** Rule 29.11 (1990) contains the same time limitations.

**4.** Appellant cites this court to *State v. Mooney,* 670 S.W.2d 510 (Mo.App., E.D.1984) in support of his argument. In *State v. Warden,* 753 S.W.2d 63 (Mo.App., E.D.1988), this court stated, however, that *Mooney* did not apply where the direct appeal is final. Appellant's direct appeal was final in 1984; *Mooney* consequently is of no help to him.

**5.** This does not mean that movant has no recourse. Although the rules of criminal procedure may not aid the movant, if there is merit to his argument, he may request a pardon from the governor. Article 4 § 7 Const. of Missouri (1986). The general rule is that a pardon "may ... be used to the end that justice be done by correcting injustice, as where after—discovered facts convince the official ... that there was no guilt or that other mistakes were made." *Whitaker v. State,* 451 S.W.2d 11, 15 (Mo.1970).