**STATE of Missouri, Respondent,**

v.

**Nathan ROPER, Appellant.**

**Nathan ROPER, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 56768, 58916.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 1991.

Deborah B. Wafer, Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions by a jury of second degree felony murder, armed criminal action, and robbery in the first degree and the two consecutive life imprisonment sentences and concurrent thirty year imprisonment sentence imposed by the court on defendant as a prior and persistent offender. We affirm.[1]

The evidence clearly established that Cornelius Bridges shot and killed Jeanine Balsamo near Talayna's restaurant while robbing her of her purse. *See State v. Bridges,* 810 S.W.2d 682 (Mo.App.1991). At the time of that killing defendant was in the company of Bridges. Defendant first contends that the evidence was insufficient to establish his participation in the robbery. Defendant was charged as an aider and abettor under § 562.041(2) R.S.Mo.1986. Under that statute a person is held to be criminally responsible for another's actions when either before or during the offense a person aids or attempts to aid the other in planning or committing an offense. Presence alone is insufficient to sustain a conviction. *State v. Oliver,* 791 S.W.2d 782 (Mo.App.1990) [18–21]. Presence coupled with other evidence such as flight or companionship before and after the crime has been held sufficient. *Id.* In *State v. Townsend,* 810 S.W.2d 726 (Mo.App.1991) we upheld the conviction of the defendant who was with the principal for two hours before and throughout the offense and who silently stood by the principal during commission of the crime and remained with him afterwards. We characterized the defendant's role as a show of force.

Defendant was with Bridges for several hours before the crime. He had suggested that Bridges take the murder weapon with him to Talayna's and knew Bridges had the weapon. Bridges had said in defendant's presence that he was going to make a "hustle" meaning a robbery. Defendant himself indicated in Talayna's the intention of "ripping off a white bitch". When Balsamo and her companion left the restaurant they stopped momentarily at the exit. Defendant and Bridges and a third man accompanying them also stopped and appeared to be stalling in their exit. When Balsamo finally exited, defendant and Bridges followed her to her car. In doing so defendant inferred to the third man that they were going to commit a crime against Balsamo and her companion.

When they were close to the Balsamo vehicle Bridges went to the driver's side and grabbed Balsamo's purse before she could close the door. Defendant took up a position seven or eight feet from the passenger door and stared at the passenger. After the shooting both defendant and Bridges ran from the scene and entered the automobile being driven by the third man. When they subsequently entered Bridges' residence defendant was carrying Balsamo's purse. The money found in the purse was divided between Bridges, defendant and the third man. At the house defendant expressed his displeasure at not having been able to take the fur coat worn by the passenger. In his statement to the police defendant admitted that he was aware that Bridges was going to rob Balsamo but had not gone with Bridges to the scene and had not participated in the robbery. The jury was free to accept that portion of the statement that the defendant was aware of the intent to rob and reject defendant's denial of participation.

The evidence establishes considerably more than mere presence by defendant at the scene. It is quite logical to infer that he was aware of Bridges' plans to rob

1. Defendant also appealed from denial of his Rule 29.15 post-conviction motion. His brief makes no reference to that appeal and that appeal has been abandoned.

Balsamo, that he was part of that plan and that he participated in the robbery, and that that participation included his presence as a "show of force". The evidence here of defendant's participation in the robbery is substantially stronger than that in the *Townsend* case, *supra,* which we held sufficient to support the conviction.

 Defendant next premises error upon the admission into evidence of statements Bridges made to the police concerning defendant's involvement in the robbery. The thrust of Bridges' statements were that defendant was in fact the person who shot and killed Balsamo. In his testimony defendant stated that the statement he gave to the police was the product of threats, violence and coercion by the police. During his re-direct testimony reference was made to the statements made by Bridges and that these had been relayed to defendant by the police to coerce him to confess. On recross examination the prosecutor elicited the nature of the statements made in an effort to demonstrate the implausibility of defendant's allegations of coercion. The statements were not offered for their truth as the state never contended that defendant killed Balsamo. No objection was made. The matter is before us therefore solely as a question of plain error. We find no error, plain or otherwise. Defendant's utilization of the statements in his re-direct testimony to establish coercion brought those statements into issue. *If* the evidence was otherwise inadmissible the state was nevertheless entitled to have it admitted to explain or counteract the evidence of coercion testified to by the defendant who utilized the statements as evidence of coercion. *State v. Lingar,* 726 S.W.2d 728 (Mo. banc 1987) [7–10]; *State v. Johnson,* 286 S.W.2d 787 (Mo.1956) [13].

 Finally, defendant asserts that conviction for both felony murder and for the underlying felony of robbery constitutes double jeopardy. In *State v. Russell,* 780 S.W.2d 126 (Mo.App.1989) [3] we held that § 565.021.2 R.S.Mo.1986, authorizes punishment for both offenses. Under *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) double jeopardy

is not involved if the legislature has made it clear that it intends for both offenses to be punished. Defendant relies upon *State v. Schmidt,* 748 S.W.2d 773 (Mo.App.1988) decided by the Western District of this court. That case does not discuss the impact of § 565.021.2 on the issue. *Russell* takes a contrary position in view of the statute and we choose to follow that case.

Judgments of conviction affirmed.

KAROHL and AHRENS, JJ., concur.