**STATE of Missouri, Respondent,**

v.

**Carlos L. DUKES, Appellant.**

**Carlos L. DUKES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 58071 and 59688.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 12, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1991.

Henry B. Robertson, Deborah B. Wafer, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for murder in the second degree and robbery in the first degree, for which he received consecutive sentences of twenty years' imprisonment and ten years' imprisonment, respectively. Defendant also appeals the denial of his motion to vacate judgment and sentence pursuant to Rule 29.15. We affirm.

The sufficiency of the evidence to sustain Defendant's convictions is not in dispute. Viewed in the light most favorable to the verdict, the evidence presented at trial was as follows. Sam Northington and his wife, Judy, were eating an early breakfast at the Eat–Rite diner at Chouteau and Seventh Streets. As they sat at the counter eating, Defendant and three other young men walked by the diner. They saw Judy Northington's purse on the counter and decided to snatch it. They hid in the parking lot.

After paying their bill, Sam and Judy Northington walked to their car. Judy Northington put her purse in the car between them. As they shut the car doors, Defendant and two of his companions ran toward the car. The driver's side window shattered. Defendant reached in through the driver's side window and grabbed the purse. Sam attempted to get the purse back, but Defendant jerked it away. Sam exited the vehicle and chased the men but was unable to catch them.

When Sam Northington returned to the car, he realized his wife had been seriously injured. He noticed a brick lying on the ground near the driver's side of the car. Judy Northington sustained injuries to a six-inch by three-inch rectangular area along her left jaw, from which she died. The cause of death was determined as a blow to the left side of her face and neck which caused a tear in the vertebral artery immediately underlying the area of the blow.

Defendant and his companions found $20 in cash in the purse. They used the money to purchase marijuana, which they then smoked.

■ On appeal, Defendant asserts the trial court erred in entering his conviction, and the motion court erred in denying his Rule 29.15 motion, because the convictions for both second degree felony murder and the underlying felony of robbery subjected him to double jeopardy.

At one time, Missouri courts held that conviction and punishment for both felony

murder and the underlying felony violated the Fifth Amendment proscription against double jeopardy. *See State v. Morgan,* 592 S.W.2d 796, 803 [1, 2] (Mo.banc 1980). In *Morgan,* the Missouri Supreme Court relied on *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), to find that the underlying felony in a felony-murder case is a lesser included offense of the felony murder. *Morgan,* 592 S.W.2d at 803 [1, 2]. The United States Supreme Court vacated and remanded *Morgan* on certiorari, *Morgan v. Missouri,* 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), for reconsideration in light of its decision in *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

This issue immediately arose again in *State v. Olds,* 603 S.W.2d 501 (Mo.banc 1980), decided by the Missouri Supreme Court while *Morgan* was pending before the United States Supreme Court. In *Olds,* the Missouri court recognized that *Whalen* mandated legislative intent as the key question in determining the issue of whether separate convictions and punishments for felony murder and the underlying felony are permissible. *Id.* at 510[11]. The court went on to find that nothing in the Missouri Criminal Code at the time of the defendant's conviction indicated a legislative intent to allow separate punishments for one offense included in another. *Id.*

The Supreme Court reaffirmed this result on remand in *Morgan.* Missouri courts have almost uniformly relied on the *Olds* analysis since. *See State v. Evans,* 660 S.W.2d 433, 435[5] (Mo.App.1983). The courts further buttressed this argument by citing § 556.041, RSMo 1978, which provides that a person may not be convicted of more than one offense where one of the offenses is included in the other. *Id.*

This line of reasoning prevailed in subsequent opinions through 1984, when the Missouri legislature enacted § 565.021.2. Section 565.021.1(2) defines second degree felony murder. Section 565.021.2 immediately follows, and provides:

> Murder in the second degree is a class A felony, and the punishment for second degree murder shall be *in addition to the punishment for commission of a related felony or attempted felony,* other than murder or manslaughter. (emphasis supplied).

Since the enactment of this statute, the issue of separate punishments for second degree felony murder and the underlying felony has apparently arisen only twice in Missouri. (Cases involving conviction and punishment for both first degree (felony) murder under (repealed) § 565.003, RSMo 1978, and the underlying felony have been found to contravene the double jeopardy provision, *see Reed v. State,* 778 S.W.2d 313, 317[1] (Mo.App.1989); *see also Mullen v. State,* 678 S.W.2d 1[2] (Mo.App.1984). Those cases are distinguishable in that § 565.021.2 did not apply.)

In *State v. Schmidt,* 748 S.W.2d 773 (Mo.App.1988), the defendant had received separate punishments for second degree felony murder and the underlying felony of arson. The Western District Court of Appeals cited *Morgan* and § 556.041 in support of its holding that affirming both convictions would violate the double jeopardy provision of the Fifth Amendment. *Id.* at 777[5]. However, the *Schmidt* court ignored the application of § 565.021.2.

The issue arose in the Eastern District Court of Appeals in *State v. Russell,* 780 S.W.2d 126 (Mo.App.1989). This court found that § 565.021.2 "specifically authorizes punishment for both crimes." *Id.* at 128[3].

■ Defendant urges us to transfer this case to the Missouri Supreme Court because of the apparent conflict between the Eastern and Western Districts on this issue. However, we do not consider *Schmidt* to be contrary authority because of its failure to note application of the statute which specifically authorizes punishment for both second degree felony murder and the underlying felony. Our affirmance is therefore mandated by *Russell.* Point denied.

■ In his second point on appeal, Defendant contends the trial court plainly erred in submitting the reasonable doubt instruction, MAI–CR3d 302.04. Defendant

submits the use in the instruction of the phrase "firmly convinced" of Defendant's guilt in defining "reasonable doubt" unconstitutionally lowered the State's burden of proof. Defendant asks that his claim be reviewed for plain error in light of the recent United States Supreme Court case of *Cage v. Louisiana,* —— U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). This point has arisen in numerous recent cases. *Cage v. Louisiana* did not change Missouri law. *See State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo.banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Tramble,* 813 S.W.2d 83, 85[5] (Mo.App.1991). Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.